[No. 8,461. Department Two.—November 20, 1884.]

L. ERENBERG ET AL., RESPONDENTS, *v*. J. C. PETERS ET AL., APPELLANTS.

LEASE—CONTRACT—PAROL ALTERATION.—The terms of a written lease cannot be altered by an unexecuted parol agreement.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*J. B. Hart,* and *Flournoy, Mhoon & Flournoy,* for Appellants.

*J. M. Rothschild,* for Respondents.

The COURT.—Action to recover rent due on a written lease; defense, a substituted oral agreement.

On the 7th of January, 1874, plaintiffs leased to defendants, by a lease in writing, a lot of land for five years; and during the term defendants erected a building thereon. On the 7th of January, 1879, another lease was executed for a term from February 11, 1879, to January 31, 1884. During the second term, to wit, January 27, 1881, the building was burned. An oral agreement was then made between plaintiffs and defendants, that the plaintiffs would erect another building on the lot, and that the plaintiffs would rent such building to defendants at an increased rent of ten dollars per month for the unexpired term of the second lease. The plaintiffs omitted to erect the building, and the defendants paid no rent after the fire.

The court below held that the lease of January 7, 1879, was still in force, and that the oral agreement was invalid and not binding, as it was not an executed oral agreement. We think the court was correct.

Sec. 1698, Civil Code: "A contract in writing may be altered by a contract in writing, or by an executed oral agreement, *and not otherwise.*"

We think the case is clearly within this section. The lease was a contract, not only on the part of the lessors, but on the part of the lessees, viz.: to pay the rent named therein. The agreement set up by the defendants would have the effect of altering the contract.

Judgment affirmed.

Hearing in Bank denied.