SABRINA ROBINSON, EXECUTRIX, ETC., v. CHARLOTTE TRUFANT.

*Contract—Time as of essence—Specific performance.*

Where the parties to a land contract have not for several years, during which the agreed payments were not made, treated time as of its essence, and the vendor seems to have regarded the matter as an investment, upon which she was satisfied to receive her interest, a specific performance on her part will be decreed upon payment of the amount due on the contract.

Appeal from Macomb. (Canfield, J.) Argued October 5, 1893. Decided November 10, 1893.

Bill for the specific performance of a land contract. Defendant appeals. Decree affirmed. The facts are stated in the opinion.

*Eldredge & Spier,* for complainant.

*Crocker & Crocker,* for defendant.

LONG, J. This bill is filed to enforce specific performance of a contract.[1]

It appears that February 4, 1886, the defendant entered into a contract with the husband of complainant for the sale of 30 acres of land for $1,800. Three hundred dollars was to be paid July 1, 1886, with interest at 7 per cent., $200 on July 1, 1887, $650 on July 1, 1888, and $650 on July 1, 1889. Robinson was to have the privilege of paying any portion or all of the purchase price at any time after 30 days' notice. Interest on all sums unpaid was to be paid January 1 of each year. The defendant was to give a warranty deed of the premises to the purchaser "on

[1] The bill was filed and the decree entered during the life-time of complainant's testator, George P. Robinson.

the performance of all the conditions to be done and performed at the time and manner above mentioned and specified on the part and behalf of the said party of the second part." It was also covenanted:

" On failure and neglect of the said party of the second part to do or perform anything herein specified to be done and performed on his part, the said party of the first part may elect to consider herself released and discharged of and from any and all liability in any of the covenants specified to be done and performed on her part, and all payments and improvements made by the said party of the second part shall be deemed forfeited, without further notice, as stipulated damages for non-performance of contract."

Robinson went into possession of the premises immediately on the execution of the contract, and remained in possession until his death, and his widow, the complainant here, is still in possession. Interest was paid in full upon the contract up to February 4, 1888, and $100 was paid upon the principal July 1, 1886. In April, 1887, an agreement was indorsed upon the contract, reducing the interest to 6 per cent. from February 4 of that year. From that time forward the payments were not kept up in full, but some interest was paid from time to time. The last payment was made September 6, 1890. On December 31, 1890, defendant gave notice to quit, and on April 6, 1891, proceedings were commenced before a circuit court commissioner to get possession, who ordered restitution of the premises. An appeal was taken by Robinson, and a tender made of the amount due, with costs, and this bill filed. On the hearing in the court below a decree was entered in favor of Robinson, finding $1,928.30 due and unpaid on the contract, with interest from April 20, 1891, and directing that, upon the payment or tender of that amount, defendant execute and deliver the deed called for by the contract. Defendant appeals.

It is contended by defendant that time was of the essence of the contract, and that, by the failure of the complainant's husband to pay at the time and in the manner provided, the contract became forfeited; that the notice to quit was a sufficient declaration of forfeiture, and decree should have been entered for defendant.

We are satisfied, however, that the court below reached the right conclusion. The parties themselves, during all these years, have not treated time as of the essence of the contract. According to the testimony of Mr. Robinson, at one time he had made arrangements to get the money elsewhere, and pay the whole amount, and take the deed, but defendant asked him not to pay the whole amount, and, in order to induce him not to do so, reduced the interest to 6 per cent. At this time $200 was unpaid of the amount due July 1, 1886. Defendant's claim is that she consented to reduce the rate of interest voluntarily, and not upon any arrangement that a difference should be made as to the time of making payments; but complainant's proofs show that Mr. Robinson had arranged for the money in this way for this very purpose, and from them we are led to the conclusion that the arrangement was as Mr. Robinson states it. Defendant thereafter took payments upon the interest from time to time up to within four months of the time of giving notice to quit. We see no hardship in compelling the defendant to receive her money and give the deed. All along she seems to have treated the matter as an investment, upon which she was satisfied to receive her interest. The court below very properly directed performance of the contract upon payment of the amount due.

The decree of the court below will be modified to the extent of giving the complainant 30 days from this date to make payment of the money, and, as thus modified, will be affirmed.

The other Justices concurred.