E. L. FOOT v. MARY BUSH, Administratrix, Appellant, DAVID VAN VORS, Intervener.

**Specific Performance:** DEFAULT OF CONTRACT. A purchaser is not entitled to specific enforcement of a contract to convey land, after his default in making payments, which, by the terms of the contract, operated as a forfeiture of all his rights thereunder, without proof of a waiver of such provision by the vendor.

**Appeal:** EQUITABLE ACTION. A decree will be reversed where, eliminating evidence admitted over a good objection on the ground that it was incompetent, the evidence is insufficient to establish all facts essential to the decree.

*Appeal from Buchanan District Court.*—HON. J. J.
TOLERTON, Judge.

TUESDAY, JANUARY 19, 1897.

ACTION to enforce the performance of a contract
to convey land.   Decree for plaintiff, and the defend-
ant appealed.—*Reversed.*

*Ransier & Everett* and *Lake & Harmon* for appel-
lant.

*E. E. Hasner* for appellee.

. GRANGER, J.—The defendant is the widow and
administratrix of the estate of A. M. Bush.  On the
seventeenth day of February, 1892, Bush and the plain-
tiff entered into an agreement for the conveyance by
Bush to plaintiff of a lot of land in Buchanan county,
for the agreed price of one hundred and twenty dol-
lars, twenty dollars of which was paid in hand.   The
remaining one hundred dollars was to be paid, fifty
dollars August 17, 1892, and fifty dollars February 17,
1893, with interest at eight per cent.   The following
is a provision of the contract: "And it is expressly
agreed, by and between the parties hereto, that the
time and times of payment of said sums of money,
interest, and taxes, as aforesaid, is the essence and
important part of the contract, and that, if any default
is made in any of the payments or agreements above-
mentioned to be performed by the party of the second
part, in consideration of the damage, injury, and
expense thereby resulting, or that may be incurred by
or to the party of the first part thereby, the agreement
shall be void and of no effect, and the party of the
second part shall have no claim, in law or equity,
against the party of the first part, nor to the

above-mentioned real estate, nor any part thereof, and any claim, or interest, or right, the party of the second part may have had hereunder, up to that time, by reason hereof, or of any payments, or improvements, made hereunder, shall, on all such default, cease and determine, and become forfeited, without any declaration of the forfeiture, re-entry, or any act of the party of the first part. And if the party of the second part, or any other person, or persons, shall be in possession of said real estate, or any part thereof, he, or they, will peaceably remove therefrom, or, in default thereof, he, or they, may be treated as tenants holding over unlawfully after the expiration of a lease, and may be ousted and removed as such." No payments were made and Bush served plaintiff with a notice to quit said premises for a failure to perform the contract. The date of this notice does not definitely appear, but we understand it to have been given some time in July, 1893. The intervener is a judgment creditor of plaintiff, and, before judgment, he levied on the premises by attachment, because of which he claims an interest; but his rights are wholly dependent on the merits of plaintiff's claim to title. Defendant, to avoid the legal effect of his failure to pay as required by his contract, pleaded a waiver on the part of Bush, to the effect that he said that he did not need the money, and led plaintiff to believe that he could pay at any time. Plaintiff had improved the land, and there are averments and proofs as to the possession of the house after the notice to quit, which, in view of the record, are immaterial. There is no claim, nor could there be, that plaintiff is entitled to a decree, unless the waiver is established. If all the testimony could be considered, it fails to meet the averments of the petition as to waiver. Not a word uttered by Bush ought fairly to be construed as intending a waiver. It is pleaded that he said he

did not need the money, which would tend quite strongly to support the plea of waiver. There is not a word of proof to that effect. The only inference from plaintiff's testimony is that he did not pay because he had not the money, and Bush did not ask for it, and he supposed he did not want it. But this evidence was taken under objection as incompetent, under Code, section 3639, because given by plaintiff, and Bush was deceased, and the defendant his administratrix. Take from the record such evidence as is incompetent under that section, and there is no basis whatever for a claim of waiver. The proofs do not in any way sustain the averments as to waiver. There should be a decree for defendants.—REVERSED.