GEORGE W. FOSTER *vs.* WILLIAM FURLONG, *et al.*

Opinion filed April 22, 1899.

**Negotiable Promissory Notes—Extension by Parole.**

> Section 3936, Rev. Codes, construed, and *held*, that the time of payment contained in a promissory note cannot be extended by any oral agreement, when the oral promise or agreement to extend is based entirely upon the debtor's oral promise to pay the consideration for the extension at some future time.

**Rights of Junior Mortgagee—Payment.**

> The holder of a junior lien, whose security it being reduced in value by the foreclosure of a prior lien, and the jeopardy of a possible foreclosure of another prior lien, as well as when it is being decreased in value by the nonpayment of interest due on such prior liens by the debtor, may, after such default, buy the prior liens, or pay the defaulted interest, and add the amount so paid to his liens, under section 4676, Rev. Codes.

Appeal from District Court, Cass County; *Pollock,* J.

Action by George W. Foster against William Furlong and Anna M. Furlong. Judgment for plaintiff. Defendants appeal. Affirmed.

*S. G. Roberts,* for appellant.

The promise of defendants to pay amount due at the time to which payment was extended, with interest on accrued interest, was sufficient consideration for plaintiff's promise to extend the time of payment. § 3871 Rev. Codes; Bish. Conts. § 76; *Hind* v. *Goldslip,* 26 Am. Dec. 108; *Whitfield* v. *McLeod,* 1 Am. Dec. 651; *Goldspeed* v. *Fuller,* 71 Am. Dec. 572. The consideration is good whether executed or executory in whole or in part. § 3875 Rev. Codes. Parole evidence is competent to show that an old written instrument has been abandoned or that time and place of performance has been changed. 1 Greenl. Ev. § 303; Underhill's Ev. § 214; *Bannon* v. *Aultman Co.,* 49 N. W. Rep. 968; *Hubbard* v. *Fletcher,* 63 N. W. Rep. 612; *Schweider* v. *Laing,* 13 N. W. Rep. 33; *Raymond* v. *Krauskopf,* 54 N. W. Rep. 432. Plaintiff is estopped under his contract for extension from foreclosing his mortgage. *Hubbard* v. *Fletcher,* 63 N. W. Rep. 612; Wiltse Mtge. Foreclosure, § 52. Plaintiff cannot enforce payment under his lien for the amount paid for interest past due on a prior mortgage. § 4676 Rev. Codes. To entitle plaintiff to such remedy there must have been actual duress, or danger to his interest. *Wessell* v. *Land & Mtge. Co.,* 54 N. W. Rep. 922; *Joannin* v. *Ogilvie,* 52 N. W. Rep. 217; *Verycken* v. *Vanderbooks,* 60 N. W. Rep. 687; *Brumagin* v. *Tillighast,* 18 Cal. 271; *Radich* v. *Hutchins,* 95 U. S. 210.

*Morrill & Engerud,* for respondent.

Respondent concedes that a verbal contract may be made discharging a written contract in whole or in part. Such transaction is styled a release. § 3832 Rev. Codes. But a new contract, which supercedes the old obligation, is styled a "novation." § § 3828, 3829 Rev. Codes. The new contract, whether a release or novation, must possess the elements of a contract, with this exception that a release may be effected by a writing without a new consideration. § § 3830, 3832, 3826 and 3827 Rev. Codes. Unless the new contract, which it is claimed constitutes the release or novation, is required by statute to be in writing, it may be verbal. The verbal negotiation must amount to a new contract. *Piatt* v. *United States,* 22 Wall. 496; *Emerson* v. *Slater,* 22 How. 41. A contract imposing an obligation can be effected only in one of six ways, viz: Performance, accord and satisfaction, novation, release, alteration, or cancellation. § 2930 Rev. Codes. The extension agreement was not a release of either the notes or mortgages. Neither performance, accord and satisfaction, nor cancellation are claimed. There is no pretense that the oral agreement substituted a new obligation for the notes and mortgages. A new mortgage is not created because that must be in writing. § 4699 Rev. Codes. If the new agreement amounts to anything, therefore, it must be an alteration. A written contract can be altered only by a contract in writing. § 3936 Rev. Codes. The alleged agreement is not in writing, it is executory, not executed. It was invalid. § 4699 Rev. Codes. A mortgage is a special lien. § § 4699, 4673, 4676 and 4677 Rev. Codes. When a special lienholder is required to pay a prior lien for his own protection, he may collect the amount as a part of the claim secured by his own lien. § 4676 Rev. Codes; *Robinson* v. *Ryan,* 25 N. Y. 320; Field's Code, § 1585; Deering's California Code, § 2875-2876 and n.; Wiltse on Mtge. Foreclosure, § 452. Each installment of a debt secured is treated as a separate mortgage. § 5847 Rev. Codes. A party having the right to redeem from foreclosure may before sale on account of a defaulted installment of principal or interest pay the amount in default. § § 5875, 5876 Rev. Codes. Interest coupons are installments and are enforceable independently of the principal note. *Boyer* v. *Chandler,* 43 N. E. Rep. 803; *Trustees* v. *Lewis,* 26 L. R. A. 743; *Clark* v. *Iowa City,* 20 Wall. 583. Even if interest coupons had not been given the mortgage could be foreclosed for the interest in default, without prejudice to the right to foreclose for a subsequent default. *Bank* v. *Johnson,* 53 Cal. 99; *Boyer* v. *Chandler,* 43 N. E. Rep. 803.

YOUNG, J. This case comes to us for trial anew upon an appeal from a judgment and decree of foreclouse entered in the District Court of Cass county in plaintiff's favor. The plaintiff is the owner of two mortgages executed by the defendants, covering 320 acres of land situated in Cass county. One of the mortgages secures two notes; the other secures one. Each note bears 10 per cent. interest, both before and after due. The notes show upon their face that they were due April 16, 1897, October 16, 1896, and

December 9, 1897, respectively. There were two prior mortgages upon the same property. The first, for $1,400, secured a principal note for that sum, together with separate interest coupons, representing the yearly interest, at 7 per cent. per annum, all secured in the one mortgage. The second was in favor of the Fargo Loan Agency, and secured the amount of their commission in negotiating the first mortgage loan. This second mortgage was foreclosed, and sheriff's certificate issued to the Fargo Loan Agency, March 6, 1897. In January thereafter, the plaintiff, with a view to protect his subordinate liens, purchased this certificate. As a part of the transaction which resulted in the purchase, and as the only condition on which the holder would formally assign the certificate of sale to him, the plaintiff paid to the loan agency, in addition to the amount due upon the certificates, the sum then due upon two first mortgage interest coupons, which were then past due, and in the hands of the loan agency for collection. Some time later the defendants redeemed from this foreclosure, but in so doing did not include the amount paid upon the two coupons. Plaintiff now seeks to foreclose his mortgages, and to add to the debt secured by them the amount paid by him to the loan agency as interest on the first mortgage. Defendant's resist the foreclosure upon two distinct grounds: First, they rely upon an alleged oral agreement made in October, 1897, between plaintiff and them, whereby the time of payment was extended for a period of one year thereafter, as they contend; second, it is insisted that in any event the amount paid to the loan agency as interest upon the first mortgage cannot be added by plaintiff to the amount secured by his mortgages. Acting upon these views, the defendants, within the period of the alleged extension, but subsequent to the commencement of these foreclosure proceedings, made proper tender and deposit of the amount due upon their three notes, omitting to add thereto the accrued costs and disbursements on the foreclosure, and the additional amount paid by plaintiff to the loan agency, which course was entirely proper, if their position is correct.

We will first consider the matter of extension of time. The facts relative to this alleged agreement are in great doubt; but assuming defendants' contention is true, and that on October 20, 1897, the defendants did orally promise to pay 10 per cent. interest upon the then accrued interest, which they were not bound to pay by the notes themselves, in consideration of which plaintiff also orally promised to extend the date of all payments for the period of one year from that date, is such an agreement operative to extend the time of payment? We think not. The authorities are in almost complete harmony in holding that the time of payment fixed by a written contract may be suspended or enlarged by an independent executed oral agreement. We cite but a few of the very numerous cases: *Bank* v. *Pearsons*, 30 Vt. 711; *Dunham* v. *Downer*, 31 Vt. 247; *Warner* v. *Campbell*, 26 Ill. 282; *Flynn* v. *Mudd*, 27 Ill. 323; *Danforth* v. *Semple*, 73 Ill. 170; *Myers* v. *Bank*, 78

Ill. 257. It will be found upon examination that these cases are based upon the principle that, where a consideration has actually been paid to the creditor by the debtor for the extension, the oral agreement is so far executed as to bind the creditor to the performance of his promise to extend. Other cases, however, hold that the mere oral promise to extend is sufficient, even when based only upon an oral promise to pay the consideration for the extension at some future time. *Wheat* v. *Kendall,* 6 N. H. 504; *Bank* v. *Woodward,* 5 N. H. 99; *Bailey* v. *Adams,* 10 N. H. 162. Contra, *Berry* v. *Pullen,* 69 Me. 101. This apparent confusion in judicial opinions is set at rest in this state by a legislative confirmation of the opinions of the majority of the courts, and, as we think, the better view, that the time of payment provided in a written contract may be enlarged or suspended by an executed oral contract, but not by one entirely promissory. Section 3936, Rev. Codes, reads as follows: "A contract in writing may be altered by a contract in writing or by an executed oral agreement and not otherwise." This alleged oral agreement to extend the time of payment had for its sole purpose the alteration of the written contracts by changing the times of maturity of the notes to a later period. It was not in writing. It was not executed, but, on the other hand, was unexecuted by either party, and entirely promissory on both sides, and therefore entirely insufficient to create an extension under the prohibition of the above statute.

It is also urged that the payment by the plaintiff of the interest coupons to the Fargo Loan Agency was made without actual duress or danger to his interest, was a voluntary act, and that he cannot recover the sum so paid,—much less, add it to his mortgage liens. This we will now consider. Plaintiff's mortgages were special and junior liens upon this property. The notes were past due and unpaid. One of the senior mortgages had been foreclosed, and a sheriff's certificate issued, upon which a deed would subsequently issue, entirely cutting off plaintiff's security. The interest upon the first mortgage was in default two years, and the coupons were drawing 12 per cent. interest. Under these conditions the plaintiff paid the first mortgage coupons. Had he a right to do so? If so, can he include the amount so paid in the foreclosure of his mortgages? Both questions must be answered in the affirmative. Section 4676 Rev. Codes, provides as follows: "A special lien is one which the holder thereof can enforce only as a security for the performance of a particular act or obligation and of such obligations as may be incidental thereto. When the holder of a special lien is compelled to satisfy a prior lien for his own protection, he may enforce payment of the amount so paid by him as a part of the claim for which his own lien exists." This section, applied to the facts existing, governs this case. The compulsion under which a junior lienholder acts in paying a prior lien is not the duress or coercion, nor the stress of circumstances, inducing one to pay an unjust and unlawful claim to protect some interest which he may

have. In such a case the question as to whether the payments were voluntary or involuntary would be proper for consideration in an action to recover back the amount so paid. But that is not this case. The compulsion with which one acts in paying a prior lien, and which entitles him to add the amount so paid to his lien, is merely an existing necessity to do so to protect his own interests under his lien, after the party primarily liable to make the payments has defaulted in so doing. The facts in this case clearly disclose that necessity. The value of plaintiff's mortgages was impaired by the foreclosure, and his security was being steadily reduced by the constantly increasing amount of the prior liens, all resulting from defendants' failure to make their payments when due. Under the facts as they appear, plaintiff had a right to pay the coupons, and also to add the sum so paid to the amount secured by his lien. The conclusions of the District Court were correct, and its judgment and decree entered herein are affirmed. All concur.
(78 N. W. Rep. 986.)