(102 N. W. 407.)

---

SAMANTHA CUGHAN v. BENNIE LARSON, HENRY CHRISTOFFER-SON AND ———— CHRISTOFFERSON (whose first name is to this plaintiff unknown), AND ALL OTHER PERSONS UNKNOWN CLAIM-ING ANY ESTATE OR INTEREST IN OR LIEN OR INCUMBRANCE UPON THE PROPERTY DESCRIBED IN THE COMPLAINT, AND THEIR UNKNOWN HEIRS.

Opinion filed September 10, 1904.

**Forfeiture of Contract of Purchase — Time Essence of Contract.**

1. A forfeiture of a written contract of sale of real estate by the vendor upon defaults in payments required to be made "in the manner and at the times specified for their payment," and the amounts to be paid being evidenced by promissory notes due on fixed dates, will not be upheld in a court of equity, where the evidence shows that time had not been treated by the vendor as of the essence of the contract, in respect to the defaults relied on for a forfeiture.

**Contract Forfeited Only for Defaults Specified Therein as Grounds for the Forfeiture.**

2. Where a contract for sale of land specifies what defaults shall be grounds for the forfeiture of the same by the vendor, a forfeiture of such contract upon other grounds, not included as grounds for forfeiture in the contract, will not be upheld. Such forfeitures are sustained only when the parties have contracted for such forfeitures, and the terms of the contract will not be extended to sustain forfeitures.

**Modification of Contract by Parol.**

3. Under section 3936, Rev. Codes 1899, providing that "a contract in writing may be altered by a contract in writing or by an executed oral agreement, and not otherwise," a written contract for the sale of real estate cannot be modified by an unexecuted oral agreement, although the modification pertains only to the performance of the contract.

Appeal from District Court, Richland county; *Cowan,* J.

Action by Samantha Cughan against Bennie Larson and others. Judgment for defendants, and plaintiff appeals.

Reversed.

*Charles E. Wolfe* and *Purcell, Bradley & Divet,* for appellant.

Burden is upon defendant to show the authority of plaintiff's agent in the performance of acts by which he seeks to bind the plaintiff. Mechem on Agency, section 276; Ritz v. Martin, 74 Am. Dec. 215; Rice v. Peninsular Club, 17 N. W. 708; Pursley v. Morrison, 63 Am. Dec. 424; Rossiter v. Rossiter, 24 Am. Dec. 62.

Plaintiff could dispute the validity of an oral contract modifying a written one any time before it was executed. There was never a legal assignment of the contract of purchase, because the agent had no authority to consent to a modification of it, and there was no written contract of alteration, or executed oral contract. Foster v. Furlong, 8 N. D. 282; 78 N. W. 986.

Defendant Larson contracted orally with Munson for sale of lands by Larson to Munson, to which contract plaintiff orally assented. This agreement, whether treated as a modification of the original agreement of Larson, or as an original contract on the part of plaintiff, is clearly void, and unenforceable as against her. This challenges the agency of R. H. Cughan and his implied power to bind the plaintiff. He was only the manager of the plaintiff's business relative to her farm and to collect the moneys on the Larson contract. He had no authority to commute or compromise the debt due under the contract, change the rate of interest, or the installment payments into a lump sum. Authority to collect and receive payment does not carry with it authority to commute or release a debt or change terms of payment. Storey on Agency, section 99; Martin v. U. S., 15 Am. Dec. 129; Ritch v. Smith, 82 N. Y. 627.

If an agent has authority to receive payment upon an obligation it does not authorize him to receive it before it is due. Smith v. Kidd, 68 N. Y. 130; Storey on Agency, 98; Hakes v. Myrick, 28 N. W. 575.

Change of time of payment of a written contract is such an alteration of its terms as to bring it within section 3936, Rev. Codes, and if made orally is void and unenforceable, even if based upon a consideration. Foster v. Furlong, 8 N. D. 282, 78 N. W. 986.

If Munson seeks to enforce the original contract of Larson, he has not pleaded it, nor offered to perform it according to its terms.

Besides the contract was cancelled before the alleged assignment to Munson. If he seeks to enforce the contract set forth in the answer, it is void, as being an oral contract with an agent, whose authority for the sale of an interest in real property was not in writing. The original contract between plaintiff and Larson was forfeited before the assignment to Munson. While time is not expressly made the essence of the contract, it was clearly the purpose of the parties to make it so. The provision need not be in any particular form. Fargusson v. Talcott 7 N. D. 183, 73 N. W. 207.

Larson seeded a crop in 1902, and instead of performing the condition of delivering the crop as per contract, he sold and assigned all his interest therein, and thus put it out of his power to fulfill his contract. This was a default going to the very vitals of the contract, by depriving her of the right to security upon the crop, which Larson left without giving as required by the contract that called for a chattel mortgage on each year's crop. This warranted plaintiff in ousting Larson and retaking the land.

*Morphy & Propper* and *John E. Greene,* for respondents.

A provision against the assignment of a contract without the vendor's consent may be waived. Peter v. Canfield, 42 N. W. 125; Ross v. Page, 11 N. D. 458, 92 N. W. 822.

It is not competent to set up an oral contract in bar of plaintiff's claim, not alleging defendant's performance or readiness to perform. Anderson v. Moore, 33 N. E. 848; Lowe v. Hamilton, 31 N. E. 1117; Long v. Hartwell, 34 N. J. L. 125; Cummings v. Arnold, 3 Neb. 486; Brown on Statute of Frauds, sections 424, 426.

Plaintiff having acquiesced in Larson's defaults for some time, they were fully waived by her. Robinson v. Trufant, 56 N. W. 769; Fargusson v. Talcott, 7 N. D. 183, 73 N. W. 207; Boyum v. Johnson, 8 N. D. 306, 79 N. W. 149; Kicks v. State Bank of Lisbon, 12 N. D. 576, 98 N. W. 408; Russell v. Timmins, 13 N. D. 488, 99 N. W. 48.

MORGAN, J. The plaintiff alleges in her complaint that she is the owner in fee simple and entitled to the possession of the real estate described in the complaint, and that the defendants claim certain estates, interests, or liens upon said real estate adverse to the plaintiff's interest and title. Larson and the Christoffersons are named as party defendants. This action is brought against them and all other persons unknown, claiming any interest or estate

or lien in the premises described. The defendants Larson and the Christoffersons did not appear in the action, but one M. N. Munson appeared, and answered as a person claiming an estate or interest in the premises. Munson sets up such interest as a counterclaim, and alleges that on and prior to the 13th day of January, 1902, the said plaintiff was not the owner in fee of the premises described, but that her ownership and title to the said lands was subject to a contract of sale of such lands between her and one Bennie Larson; that on said 13th day of January, 1902, the said contract between the plaintiff and said Larson was in full force and effect; that on said day the defendant Larson sold to him the lands described, and that this defendant then and there agreed to pay the sum of $8,640 for said lands; that at the time of such sale there was due to the plaintiff upon the contract between her and said Larson the sum of $7,927.09, which said sum was then and there settled and agreed upon by the defendant Larson and the plaintiff in this action as the amount due upon said contract; that said plaintiff assented to the making of said contract between Larson and this defendant, and agreed to execute to this defendant a warranty deed of said premises upon the payment to her of the amounts due upon said contract. The answer further alleges that it was further agreed between the plaintiff and Larson and this defendant that the plaintiff would accept from this defendant the sum of $3,127.09 in cash, and would accept a first mortgage on said property to secure the balance due her, to wit, the sum of $4,800, which said mortgage was to be upon the premises described, and to bear interest at the rate of 6 per cent per annum, payable on or before six years from the date of the said contract; that the balance of said purchase money, to wit, the sum of $712.91, was to be paid to the defendant Larson by this defendant; that, in reliance upon said contract between this defendant and said Larson, and in reliance upon the assent of said plaintiff thereto, this defendant paid to the said Larson on account of the purchase price of said real estate the sum of $250; that the defendant has at all times been ready and willing to pay to said plaintiff said sum of $3,127.09, and has been ready and willing at all times to execute, and has executed his mortgage upon said real estate for the sum of $3,500, and has agreed to assume and pay an existing mortgage on said premises of $1,300, but that said plaintiff refuses to accept such mortgage, and refuses to accept said sum of money, and refuses to execute and deliver

to this defendant a warranty deed as agreed to by her in said contract between said Larson and this defendant. The defendant prays that the contract between him and said Larson be specifically performed upon the payment by him of said sum of $3,127.09, with interest thereon from the 13th day of January, 1902, and the delivery by him of a mortgage upon said premises for said sum of $3,500, pursuant to such agreement. The plaintiff replied, and alleged that she is the owner of said premises, free from all liens and incumbrances thereon, by virtue of any contract between her and said Larson or in any other manner. The contract between the plaintiff and said Larson is set out in full in the reply. It is a contract of sale of said lands, and an agreement to convey the same to Larson upon his complying with the terms thereof, and upon his paying the purchase price of said premises, to wit, the sum of $8,700. The said purchase price is to be paid in annual payments, as evidenced by notes executed and delivered to the plaintiff by said Larson. Said notes and said purchase price draw interest at the rate of 8 per cent per annum. Said contract further provided that Larson should execute a chattel mortgage upon all the crops growing upon said premises to secure the amount due upon said contract each year. The contract further provided that the defendant Larson should pay all taxes due upon said premises on or before the day when such taxes should by law become delinquent; and also provided that it could not be assigned by said Larson to any person for any purpose without the written consent of the plaintiff first to be indorsed thereon. The contract provided that, if default should be made in any of its terms, or if said Larson should fail to pay any of the sums of money specified in the contract to be paid, or the interest thereon at the times or in the manner specified in the contract for the payment thereof, or if Larson should fail to pay said taxes as therein provided, or should fail to perform any of the conditions of said agreement, then and in that case the plaintiff might declare such contract forfeited, and might re-enter and take possession of the premises; that Larson agreed in the contract that upon any such defaults he would, within 10 days after being notified by said plaintiff of the forfeiture of said contract, peaceably yield and surrender up the possession of said premises, and the whole thereof. The reply further alleges that said Larson failed to make the payments agreed upon in said contract, and that on January 13, 1902, Larson was in default by reason of not having made such payments and by reason

of not having paid the taxes due on the land for the year 1901; and that such defaults continued up to the 13th day of May, 1902, at which date the plaintiff notified the defendant Larson that she had declared a forfeiture of the contract by him, and that said contract was by her terminated on account of such defaults. The declaration of forfeiture was in writing, and alleged as grounds for forfeiting the contract the following: (1) Failure to pay notes becoming due on the following dates, to wit, April 1, 1898, November 1, 1898, November 1, 1899, November 1, 1900, November 1, 1901; (2) failure to pay the 1901 taxes when they became delinquent; and (3) that Larson had abandoned the premises and the contract, and had left the country. The trial court found for the defendant Munson, and judgment was entered upon the findings. It was adjudged and decreed that the contract as shown by the evidence offered and received at the trial be specifically performed by the plaintiff. The plaintiff has appealed from this judgment, and requests a review of all issues involved in the case.

Two questions are presented for decision: (1) Is the contract, as alleged to have been modified, enforceable by specific performance? (2) Was the contract between plaintiff and Larson forfeited, so as to terminate Larson's interest therein? In the original answer the defendant Munson alleges a sale of the land described to him by Larson. After judgment was entered for the defendant, he asked for an amendment to the answer to conform to the evidence received at the trial. The amendment asked for alleged an assignment of the contract to the defendant by Larson in place of an allegation that Larson sold the land to the defendant. The amendment was allowed, and it is now claimed that it was error to do so. In the disposition to be made of the case it becomes immaterial whether the amendment was properly allowed or not. In no event can the defendant Munson be granted the specific performance prayed for under the evidence produced at the trial. That evidence shows that Munson is relying upon a modification of a written contract for a sale of land by a subsequent parol contract. The original contract was for the sale of the land at a fixed price payable at fixed times, payment to be secured by a lien upon the land and by chattel mortgages upon the crops, and a deed to be given to Larson upon full payment of the price. The new contract provided for payment of a fixed sum in cash and for the giving of a deed by plaintiff to Munson, and a mortgage back by Munson for the

remainder of the purchase price, payable at a different time and different rate of interest than originally provided for by the contract. The contract was of different terms in other respects unnecessary to mention. The contract was not executed or performed as between plaintiff and Munson in any particular. It was nothing more than a mutual agreement to do certain matters in a manner entirely at variance with the original agreement. Such a contract is not enforceable by specific performance. The agency of R. Cughan for the plaintiff is challenged as not broad enough to empower him to contract in reference to a modification of the contract in the manner attempted. Whether he had such authority or not we need not determine, as the modified contract would not be enforceable as made if he had such authority; nor would it be enforceable if it had been made by the plaintiff herself in parol, unless the new contract was followed by performance. Section 3936, Rev. Codes 1899, provides: "A contract in writing may be altered by a contract in writing or by an executed oral agreement and not otherwise." This section has been construed by this court to prohibit an oral extension of the time of payment of a promissory note by an agreement to do so that is unexecuted by either party. Foster v. Furlong, 8 N. D. 282, 78 N. W. 986. Such being the law in respect to the contract involved in that case, no good reason can be given why that case is not controlling in this case. In fact, this case presents stronger reasons for the strict application of the section, as the contract here involved is one within the statute of frauds, and of necessity must be in writing if unperformed. The section in question, however, is construed by the courts as applicable to all contracts in writing, alike whether within the statute of frauds or not. In Armington v. Stelle (Mont.) 69 Pac. 115, 94 Am. St. Rep. 811, the Supreme Court of Montana said, in construing a similar section: "The principle embodied in this provision applies to all kinds of contracts in writing, whether they are required by law to be in writing or not. * * * It is a distinct departure from the common-law rule, which permitted parties at their pleasure to alter by oral agreement, whether executed or executory, any contract which was not required to be evidenced in writing. The only exception recognized is the case in which the subsequent oral agreement has been executed by one or both of the parties." See, also, Erenberg v. Peters, 66 Cal. 114, 4 Pac. 1091; Benson v. Shotwell, 103 Cal. 163, 37 Pac. 147; Mettel v. Gales, 12 S. D. 632,

82 N. W. 181. The respondent contends that the modification proposed relates solely to the performance of the contract, and is, therefore, not inhibited by that section. But such a construction would be reading into the section an exception not warranted by the language of the section, and one coming within the evil to be guarded against by the enactment of the section; that is, that parties should not be burdened by claims of modified contracts that were never entered into. As stated by the court in Rucker v. Harrington, 52 Mo. App. 481: "It is therefore at least equally proper to say that the principal design of the statute was to protect parties from the performance of burdensome contracts which they never made. Therefore, if you may enforce an oral agreement for a substituted performance of a written agreement, you apply the statute to the shadow and withhold it from the substance. Such application of the statute only makes it necessary that parties have a contract in writing. Then, under the guise of performance, the contract enforced is shown by parol." The section announces a general rule in respect to contracts in writing that is generally held by courts to be the rule in case of modification of contracts required to be in writing when no statute similar to section 3936 is in force. Swain v. Seamens, 9 Wall, 254, 19 L. Ed. 554. ` We therefore conclude that the defendant Munson is not entitled to a specific performance of his parol contract.

Is the plaintiff entitled to the possession of the land by virtue of having declared the contract forfeited and terminated as alleged in her reply? The contract provided that plaintiff might declare it forfeited upon default of Larson in making payments of the amounts due on the contract or on the notes, or if taxes were not paid at or before becoming delinquent. No other grounds of forfeiture are therein enumerated, and no others could properly be alleged in the declaration as grounds for forfeiture of the contract. The contract specifies how plaintiff may terminate it, and upon what grounds; and she could not rely on other grounds not mentioned for its forfeiture. Forfeiture of contracts by act of one of the parties is deemed a harsh proceeding, and will not be upheld unless within the terms of the agreement between the parties. In declaring forfeitures, so far as the grounds of forfeiture and procedure are concerned, the terms of the contract govern, and must be followed. Warvelle on Vendors, vol. 2, p. 951, says: "But forfeitures are not, and never have been, regarded by the courts with any special

favor; and where a party insists upon a forfeiture he must make clear proof, and show that he is entitled to it. It has ever been regarded as a harsh way of terminating contracts, and for this reason he who seeks to avail himself of the privilege must be held strictly within the limits of the authority which gives the right. The right to declare a forfeiture is derived from the stipulations of the bond or agreement for conveyance, and is reserved ordinarily as an option on the part of the vendor, who, upon failure of the vendee to comply with its terms, may elect to declare the contract at an end." See, also, Jacobs v. Spalding, 71 Wis. 177, 36 N. W. 608; Kerns v. McKean, 65 Cal. 414, 4 Pac. 404. In this case, the only grounds alleged in the notice or declaration of forfeiture that are provided for in the contract are nonpayment of notes and nonpayment of taxes. The other ground alleged— that is, the abandonment of the contract by Larson and his having absconded—are not specified as grounds for forfeiture of the contract. Hence the plaintiff cannot rely upon them as grounds for terminating the contract, and it will be unnecessary to determine whether such grounds existed or not. The grounds of forfeiture specified in the notice had all been waived by the plaintiff by her delay in not taking advantage of the defaults as they occurred. Only one note had been fully paid since 1897. Notes had fallen due each year since, and the plaintiff had made arrangements with Larson by which the notes were to be paid later. The nonpayment of the note becoming due in November, 1901, was ground for forfeiting the contract, but it should have been promptly acted on as ground for forfeiture. There was no forfeiture attempted until May, 1902. During the time since November, 1901, Larson had cropped the land, in reliance, probably, upon the fact that he would not be forced to give up the land, from his experience in former years. The same may be said of the nonpayment of the taxes of 1901. Plaintiff could not wait until the crop had been put in, and then declare a forfeiture, the grounds of which had existed long before the crop was put in. It has often been held in this state that, before advantage can be taken of existing defaults in this class of contracts by forfeiture, the person seeking the forfeiture must act promptly, and if he does not, the default is deemed consented to and waived. Fargusson v. Talcott, 7 N. D. 183, 73 N. W. 207; Boyum v. Johnson, 8 N. D. 306, 79 N. W. 149; Kicks v. Bank, 12 N. D. 576, 98 N. W. 408; Timmins v.

Russell (N. D.) 99 N. W. 48; Robinson v. Trufant (Mich.) 56 N. W. 769; Pier v. Lee, 14 S. D. 608, 86 N. W. 642; Merriam v. Goodlett, 36 Neb. 384, 54 N. W. 686; Phillips v. Carver, 99 Wis. 561, 75 N. W. 432. The contract in this case did not expressly state that time was of the essence of the contract. It simply provided that, if default be made in the payment of sums due as principal or interest "at the time or in the manner herein specified," then forfeiture of the contract could be made. Whether this provision of itself made time an essential element of the contract under section 3916, Rev. Codes 1899, providing that "time is never considered as of the essence of a contract unless by its terms expressly so provided," is extremely doubtful. But we need not determine that question in this case, as it becomes an immaterial one in view of the fact that the matter of time was waived by the plaintiff from the making of the contract until the spring of 1902, when an attempt was made to declare the contract forfeited. The cases already cited show that such a stipulation written in the contract may be waived by the subsequent conduct of the parties, and, if waived, specific performance will be given to the vendee on an offer to comply with the contract by a tender of all amounts due. Warvelle on Vendors, section 818; Am. & Eng. Enc. Law, vol. 26, p. 74, and cases cited; Hall v. Delaplaine, 5 Wis. 206, 68 Am. Dec. 57; Foot v. Bush, 100 Iowa, 522, 69 N. W. 874; Smith v. Mohn, 87 Cal. 489, 25 Pac. 696; Dana v. Investment Co., 42 Minn. 194, 44 N. W. 55.

This disposes of all the issues raised by the pleadings. The plaintiff relied upon an alleged forfeiture for gaining possession. We have seen that the attempted forfeiture was a nullity. The defendant relies upon the oral contract of sale made by plaintiff's agent. We hold that such a contract is of no effect unless performed. The defendant has therefore failed to show grounds for any affirmative relief in his favor. A written assignment from Larson to the defendant Munson was offered in evidence, but the pleadings contain no mention of it, and, its introduction in evidence having been duly objected to, it cannot be considered, as the objection was properly made. The defendant has not attempted to come within the provisions of the original contract in tendering the amount due. The tender was confined entirely to the amount due under the new or modified contract. It follows, therefore, that neither party is entitled to any relief under the present evidence and pleadings.

The judgment will therefore be reversed, and the action ordered dismissed, but without prejudice to the subsequent litigation of any issues which have not been litigated and determined in this action. Plaintiff will recover her costs and disbursements in this court, and the defendant his costs and disbursements in the district court. All concur.