# HANSON v. HANSON HARDWARE COMPANY.
## HANSON, Intervener.

(135 N. W. 766.)

**Landlord and tenant — nonpayment of rent.**

1. Where a lessor, without objection, had for a long time been receiving payments of rent from the lessee after the time stipulated in the lease for such payments to be made, he will be deemed to have impliedly waived a provision in such lease requiring prompt payments at certain dates, and if he desires in the future to exact strict compliance with the terms of the lease in such respect, he must give the lessee notice to that effect, and not having done so he cannot declare a forfeiture of the lease for similar defaults subsequently occurring.

**Landlord and tenant — evidence.**

2. Evidence of the lessor's continued acquiescence, by his silence and failure to object, in such prior defaults, is admissible for the purpose of proving a waiver by him of a strict performance of the lease as to future instalments of rent.

Opinion filed April 1, 1912.

Appeal by plaintiff from a judgment of the District Court for Sargent County, *Frank P. Allen,* J., in defendant's favor in an action of forcible detainer to recover possession of certain premises.

Affirmed.

*George W. Freerks* and *Purcell & Divet,* for appellant.

Parol evidence not admissible to vary the written lease. Culver v. Wilkinson, 145 U. S. 205, 36 L. ed. 676, 12 Sup. Ct. Rep. 832; Hazelton Tripod-Boiler Co. v. Citizens' Street R. Co. 72 Fed. 325; Kramer v. Gardner, 104 Minn. 370, 22 L.R.A.(N.S.) 492, 116 N. W. 927; National Gas-light & Fuel Co. v. Bixby, 48 Minn. 323, 51 N. W. 217; Wigmore, Ev. 2433; Indianapolis Union R. Co. v. Houlihan, 157 Ind. 494, 54 L.R.A. 787, 60 N. E. 943; Trice v. Yoeman,

Note.—The cases seem to be agreed that the acceptance of rent accruing after a cause for forfeiture, with knowledge of such cause, nothing else being shown, constitutes a waiver, as shown by annotation in 11 L.R.A.(N.S.) 831. See also note in 47 Am. St. Rep. 198.

The authorities on the question of the delay of a landlord in enforcing forfeiture as waiver of breach are reviewed in a note in 24 L.R.A.(N.S.) 1063.

60 Kan. 742, 57 Pac. 955; 17 Cyc. 622; Merchants' State Bank v. Ruettell, 12 N. D. 519, 97 N. W. 853; Hume Bros. v. Taylor, 63 Ill. 43; Chapman v. McGrew, 20 Ill. 101; Loach v. Farnum, 90 Ill. 368; Collamer v. Farington, 15 N. Y. Supp. 452; Delamater v. Bush, 63 Barb. 168; Dowagiac Mfg. Co. v. Mahon, 13 N. D. 516, 101 N. W. 903; Hutchinson v. Cleary, 3 N. D. 270, 55 N. W. 729; Plano Mfg. Co. v. Root, 3 N. D. 165, 54 N. W. 924; Grand Forks Lumber Co. v. Tourtelot, 7 N. D. 587, 75 N. W. 901.

There can be no waiver unless at the time of its exercise the right or privilege waived was in existence. San Barnadino Invest. Co. v. Merrill, 108 Cal. 490, 41 Pac. 487; United Fireman's Ins. Co. v. Thomas, 47 L.R.A. 450, 27 C. C. A. 42, 53 U. S. App. 517, 82 Fed. 406; Kennedy v. Roberts, 105 Iowa, 521, 75 N. W. 363; Pabst Brewing Co. v. Milwaukee, 126 Wis. 110, 105 N. W. 563; Schillinger Bros. v. Bosch-Ryan Grain Co. — Iowa, —, 116 N. W. 133.

Where lease is terminated by force of its own provisions for default in the payment of rent, and a three days' notice to quit is given, notice need not give the lessee notice to pay up the rent in arrear in the three days, and a subsequent tender of rent could not operate to cure the default, or to reinstate the lease. 9 Enc. Pl. & Pr. 67; Roussel v. Kelly, 41 Cal. 360; Silva v. Campbell, 84 Cal. 420, 24 Pac. 316; Jackson v. Allen, 3 Cow. 220; Martin v. Morgan, 87 Cal. 203, 22 Am. St. Rep. 242, 25 Pac. 350; Fargusson v. Talcott, 7 N. D. 183, 73 N. W. 207; Boyum v. Johnson, 8 N. D. 306, 79 N. W. 149; Pier v. Lee, 14 S. D. 600, 86 N. W. 642; Page v. Ross, 11 N. D. 458, 92 N. W. 822; Bucholz v. Leadbetter, 11 N. D. 473, 92 N. W. 833; Kicks v. State Bank, 12 N. D. 576, 98 N. W. 408; Timmins v. Russell, 13 N. D. 487, 99 N. W. 48; and Cughan v. Larson, 13 N. D. 373, 100 N. W. 1088; Keator v. Ferguson, 20 S. D. 473, 129 Am. St. Rep. 947, 107 N. W. 678; West Shore R. Co. v. Wenner, 70 N. J. L. 233, 103 Am. St. Rep. 801, 57 Atl. 408, 1 Ann. Cas. 790; 7 Am. & Eng. Enc. Law, 2d ed. 118; Burlington & M. River R. Co. v. Boestler, 15 Iowa, 555; Gray v. Blanchard, 8 Pick. 284; First Nat. Bank v. Maxwell, 123 Cal. 360, 69 Am. St. Rep. 64, 55 Pac. 980; Balfour v. Parkinson, 84 Fed. 855; Armstrong v. Agricultural Ins. Co. 130 N. Y. 560, 29 N. E. 991; Ripley v. Etna Ins. Co. 30 N. Y. 138, 86 Am. Dec. 362; Decker v. Sexton, 19 Misc. 59, 43 N. Y. Supp. 167.

*O. S. Sem* and *Jos. G. Forbes,* for respondents.

Oral evidence admissible to show the relation of the parties to the lease. Mechem, Agency 442; Thompson v. Goble, 15 Or. 631, 16 Pac. 713; Duffield v. Hue, 129 Pa. 94, 18 Atl. 566, 17 Mor. Min. Rep. 253; United States Fidelity & G. Co. v. Siegmann, 87 Minn. 175, 91 N. W. 473; Curran v. Holland, 141 Cal. 437, 75 Pac. 46; Southern P. Co. v. Van Schmidt Dredge Co. 118 Cal. 368, 50 Pac. 650; Keidan v. Winegar, 95 Mich. 430, 54 N. W. 901; Williams v. Macatte, 86 Va. 681, 10 S. E. 1061; Carraher v. Mulligan, 4 Silv. Sup. Ct. 550, 8 N. Y. Supp. 42; Kaufman v. Barbour, 98 Minn. 158, 107 N. W. 1128; Small v. Elliot, 12 S. D. 570, 76 Am. St. Rep. 630, 82 N. W. 92.

Appellant is estopped to insist upon the harsh rule of forfeiture, because he waived his right to do so by his own conduct and express agreement. 18 Am. & Eng. Enc. Law, 371; Reiger v. Turley, 151 Iowa, 491, 131 N. W. 866; Westmoreland & C. Natural Gas Co. v. DeWitt, 130 Pa. 235, 5 L.R.A. 731, 18 Atl. 724; Duffield v. Hue, 129 Pa. 94, 18 Atl. 566, 17 Mor. Min. Rep. 253; Morrison v. Smith, 90 Md. 76, 44 Atl. 1031; 29 Am. & Eng. Enc. Law, 1103, 1104; 1 Pom. Eq. Jur. § 452; 24 Cyc. 1335; Lucas v. Brooks, 18 Wall. 436, 21 L. ed. 779; Prindle v. Anderson, 19 Wend. 391; Kenny v. Seu Si Lun, 101 Minn. 253, 11 L.R.A.(N.S.) 831, 112 N. W. 220; Johnson v. Electric Park Amusement Co. 150 Iowa, 717, 130 N. W. 807; M. Levy & Son v. Steigaman, — Iowa, —, 104 N. W. 372; Barton v. Koon, 7 S. D. 7, 104 N. W. 521; Shaw v. Chicago, B. & Q. R. Co. — Iowa, —, 105 N. W. 120; Wm. Barie Dry Goods Co. v. Casler, 138 Mich. 172, 101 N. W. 215; New England Mort. Secur. Co. v. Great Western Elevator Co. 6 N. D. 407, 71 N. W. 130; Stanford v. McGill, 6 N. D. 536, 38 L.R.A. 760, 72 N. W. 938; First M. E. Church v. Fadden, 8 N. D. 162, 77 N. W. 615; Band of Park River v. Norton, 12 N. D. 497, 97 N. W. 860; Dakota Hot Springs v. Young, 9 S. D. 577, 70 N. W. 842; Cole v. Johnson, 120 Iowa, 667, 94 N. W. 1113; Cannon v. Wilber, 30 Neb. 777, 47 N. W. 85; Hill v. Carter, 101 Mich. 158, 59 N. W. 413; 18 Am. & Eng. Enc. Law, 379, 381; Wasser v. Western Land Securities Co. 97 Minn. 460, 107 N. W. 160; Wood, C. & Co. v. Seurich, 5 Cal. App. 252, 90 Pac. 51; American Copying Co. v. Lehmann, 6 Cal. App. 1, 91 Pac. 414; Barnes v. Clement, 12 S. D. 270, 81 N. W. 301; Little Rock Granite Co. v. Shall, 59 Ark. 405, 27 S. W. 562; 2 Story

Eq. Jur. §§ 1321, 1322; 24 Cyc. 1364; 18 Am. & Eng. Enc. Law, 389.

FISK, J.   On February 17, 1909, plaintiff and appellant, the owner of the premises in controversy, entered into a written contract with defendant and respondent, Hanson Hardware Company, whereby he leased to the latter such premises for the term of two years at the agreed rental of $65 per month, payable on the first day of each month in advance.   Such written lease contained the following stipulations material to this controversy:

"And it is hereby expressly understood, declared, and agreed, by and between the parties hereto, that this lease is made, and the continuance of the term hereby demised is dependent upon the following conditions, viz.:   That the rent hereby reserved shall be paid by or on the day when the same shall become due by the terms thereof;  . . .  that time is deemed and taken to be as the very essence of this lease and of all and each of the covenants and conditions herein, and all courts shall so construe the same, and that unless all and each of the terms, covenants, and conditions herein shall in all respects be complied with by the party of the second part, at the respective times and in the manner herein specified and declared, the term herein demised, at the option of the said party of the first part, shall cease and terminate; and the party of the first part, his heirs, executors, or assigns shall have the full right to re-enter upon and occupy the premises hereby leased, and the party of the second part shall lose and be debarred from all right, remedies, or action, either in law or in equity, upon and under this instrument; and no waiver of time or performance shall be implied or alleged to excuse a failure, unless such waiver shall be in writing, signed by the party of the first part, or his attorney, lawfully authorized. And if at any time said term shall end at the election of said party of the first part,  . . .  the said party of the second part hereby covenants, promises, and agrees to surrender and deliver up said premises and property peaceably to said party of the first part  . . .  immediately upon such termination of said term aforesaid  . . .  ; and if he shall remain in possession of the same after the termination of this lease, in any of the ways above named, he shall be deemed guilty of a forcible detainer of said premises, under the statute; and in order to enforce a forfeiture of his lease for nonpayment.

of rent when due, no demand for rent when due, nor notice to quit the premises, shall be required, any demand therefor being expressly waived; nor shall the acceptance of any rent renew this lease for any time or purpose whatsoever."

Respondent entered into possession under such lease, and was in possession at the time this action for forcible detainer was instituted on May 26, 1910, paying the stipulated rental to plaintiff, but not at the time stipulated in the lease, the undisputed proof showing that such instalments of rent were paid on the dates and in the amounts as follows:

| | | | |
|---|---|---|---|
| March 8 | $ 65 | to April | 1st |
| April 23 | 65 | to May | 1st |
| May 20 | 65 | to June | 1st |
| June 15 | 65 | to July | 1st |
| July 21 | 65 | to Aug. | 1st |
| Oct. 1 to Sept. 15 | 130 | to Oct. | 1st |
| Dec. 13 from Oct. 1 | 196 | to Jan. | 1st |
| January, 1910 | 65 | to Feb. | 1st |
| April 7 | 130 | to Apr. | 1st |

Plaintiff at no time objected to such delays, but by his silence presumably acquiesced therein.

The rent for the months of April and May, 1910, not having been paid on May 20th of that year, plaintiff caused the following notice to be served on respondent:

Hanson Hardware Co.

   Milnor, N. Dak.

You will take notice that I hereby require you to remove from and vacate the premises being lots (7, 8, 9, 25, and 26) block twenty-eight (28) in the town of Milnor, Sargent county, North Dakota, including the buildings and structures thereon except the stable, and not including vacant parts of lots 25 and 26, said removal and vacation of premises to be made by you on or before the 24th day of May, 1910; and as grounds for such vacation and removal as herein demanded, I call your attention to the fact that you have wholly failed to comply with the

terms and conditions as made and existing in a certain lease thereof, and of said premises, bearing date the 17th day of February, 1909, between the said Hanson Hardware Company and myself, in this,—that you have failed to pay for the use of said premises the monthly rent of $65, to be paid on the 1st day of April, 1910, and have further failed to pay for the use of said premises the further and other sum of $65 to be paid on the 1st day of May, 1910, as provided in said lease. And you are further notified that I have and do hereby exercise the option granted me under said lease, and do hereby declare said lease terminated, and that your rights thereunder have ceased, and that I have the full right to re-enter upon and occupy the premises above described, under the terms of said lease. And you are further notified that you have failed to pay said instalments of rent, or any part thereof, for three days after the same became due.                              Ole Hanson.

Dated May 19, A. D. 1910.

On May 23d respondent tendered the amount of such rent, $130, and $1 additional, to plaintiff, which tender was refused and such sum deposited by defendant for plaintiff in the First National Bank of Milnor, and notice of such deposit was given to plaintiff by the bank.

Plaintiff, by this action of forcible detainer, seeks to recover possession of the premises, claiming a forfeiture of such lease pursuant to the terms thereof. Defendant had judgment in the court below and plaintiff seeks to procure a reversal of such judgment on this appeal.

In disposing of this appeal we shall assume the correctness of appellant's contention that the respondent, Hanson Hardware Company, is the sole lessee under such lease. This assumption obviates the necessity of considering certain of the specifications under the first assignment of error. But under such assignment, appellant challenges the correctness of certain rulings in the admission of testimony relative to an alleged custom of paying and receiving instalments of rent after the time they become due under the lease. Appellant insists that, especially in view of the stipulations in the lease above quoted, such testimony was inadmissible; his contention being that indulgence on plaintiff's part as to the payment of prior instalments of rent in no manner affects his right to enforce a forfeiture, for a failure to pay strictly according to the lease, of instalments of rent subsequently falling due. Plaintiff is here

seeking to enforce a forfeiture. In Timmins v. Russell, 13 N. D. 487, 99 N. W. 48, this court said: "Contracts permitting forfeitures are harsh, and courts are careful not to enforce such forfeitures, unless the plaintiff appears without fault, *and the defendant's default is not at all attributable to plaintiff's conduct or acquiescence.*" We think plaintiff's continued acquiescence, by his silence, in defendant's faults in failing to pay the rent each month in advance, constituted an implied waiver by him of the provisions of the lease that time was of the essence of the contract. His conduct in thus acquiescing amounted to an assurance to defendant that he would act in the future as he had acted in the past, and not invoke such harsh remedy without first notifying it that thereafter he should exact a strict compliance with the contract. Plaintiff is therefore estopped from urging such forfeiture under the facts. For this conclusion we find abundant support in the authorities. See Boone v. Templeman, 158 Cal. 290, 139 Am. St. Rep. 126, 110 Pac. 947, and cases cited; Cughan v. Larson, 13 N. D. 373, 100 N. W. 1088; Monson v. Bragdon, 159 Ill. 61, 42 N. E. 383.

We quote from Boone v. Templeman, as follows: "The controlling question in the case, therefore, is whether or not the conduct of Templeman, as averred in the complaint, constituted a waiver of the condition that time was of the essence of the contract, as applied to the payments falling due after April 24, 1903, when the last sum paid was accepted. The decisions are not entirely harmonious on this point. We find none that goes so far as to hold that the mere acceptance of one payment after its maturity will waive the right to declare a forfeiture if default occurs in subsequent instalments. In Lent v. Burlington & M. R. Co. 11 Neb. 201, 8 N. W. 431, the court on this point says: 'The simple act of receiving a payment after the date when the payee was bound to accept it, without more, is no excuse for laches as to future payments. The effect of the acceptance is exhausted upon the payment made, and as to those following, the provisions of the contract are left to operate with unimpaired force.' To the same effect are Phelps v. Illinois C. R. Co. 63 Ill. 470; Stow v. Russell, 36 Ill. 18; Keefe v. Fairfield, 184 Mass. 334–337, 68 N. E. 342; and Cash v. Meisenheimer, 53 Wash. 576, 102 Pac. 429. But in the present case we have much more than this. Boone was in the possession and in actual use of the land during the whole period. A payment of $50 was due on the price

on the fifth day of every month after November, 1901.  Not one of these payments had been made on the day they were due, nor, except the first, until months afterward.  Fourteen payments in succession had been accepted after maturity and without objection or protest of any kind.  Interest fell due each month, but nothing was paid as interest, and none was demanded, nor were any objections raised on that score.  After the acceptance of the last sum paid, twenty-four additional payments of principal and interest fell due and were not paid, Boone remaining in possession and Templeman apparently acquiescing in the continuance of the contract, giving no notice to the contrary, nor doing anything inconsistent therewith for still another period of fourteen months.  We think from these facts a court might infer a waiver of the conditions regarding forfeiture and time, and that they supported the general allegation of the complaint that Templeman had waived those conditions.  The authorities, with practical unanimity, so hold.  In Monson v. Bragdon, 159 Ill. 66, 42 N. E. 383, the court, upon similar facts, says:  'While not necessarily an absolute permanent waiver, yet in a court of equity there was at least such a temporary suspension of the right (of forfeiture) as could only be restored by his giving a definite and specific notice of an intention to that effect.'  Similar rulings were made in Steele v. Branch, 40 Cal. 13; Hudson v. Duke, 21 Ga. 403; Kansas Lumber Co. v. Horrigan, 36 Kan. 387, 13 Pac. 564; Pier v. Lee, 14 S. D. 600, 86 N. W. 642; Timmins v. Russell, 13 N. D. 487, 99 N. W. 48; Merriam v. Goodlett, 36 Neb. 384, 54 N. W. 686; Gaughen v. Kerr, 99 Iowa, 214, 68 N. W. 694; Oughan v. Larson, 13 N. D. 373, 100 N. W. 1088; Fargusson v. Talcott, 7 N. D. 183, 73 N. W. 207; Keator v. Ferguson, 20 S. D. 473, 129 Am. St. Rep. 947, 107 N. W. 678; Peck v. Brighton Co. 69 Ill. 200."  In addition to the foregoing, we cite the following as fully supporting our views herein: Standard Brewing Co. v. Anderson, 121 La. 935, 46 So. 926, 15 Ann. Cas. 251; Montant v. Moore, 135 App. Div. 334, 120 N. Y. Supp. 556; Westmoreland & C. Natural Gas Co. v. DeWitt, 130 Pa. 235, 5 L.R.A. 731, 18 Atl. 724; Duffield v. Hue, 129 Pa. 94, 18 Atl. 566, 17 Mor. Min. Rep. 253; Morrison v. Smith, 90 Md. 76, 44 Atl. 1031; 12 Current Law, 557, and cases cited; 14 Current Law, 498, and cases cited.

The provisions in the contract that "no waiver of time or perform-

ance shall be implied or alleged to excuse a failure, unless such waiver shall be in writing," etc., is for plaintiff's benefit, and there is no doubt that he could and did, by his conduct and acquiescence, waive the benefit of the same.

It follows that the admission of the testimony complained of was proper. Having waived a strict performance of the lease as to the time of the payment of rent, it necessarily follows that plaintiff also waived his right to declare a forfeiture of the lease on account of the failure of defendant to make such prompt payments. This disposes of the appeal in respondent's favor, without the necessity of noticing the other assignments.

The judgment is accordingly affirmed.