(103 N. W. 637.)

---

THE HOUGHTON IMPLEMENT COMPANY, A CORPORATION, v. THOMAS DOUGHTY.

Opinion filed May 31, 1905.

### Sale — Action for Price — Evidence of Value.

1. In proving the value of an engine under an answer alleging it to be worthless on account of defects within the terms of a written warranty, the evidence should be confined to the value of the engine

when delivered, and not to a time after its delivery, when it was in a different condition on account of breakages.

**Same — Warranty.**

2. Evidence considered, and *held* insufficient to sustain a verdict that an engine purchased under a written warranty was worthless.

**Same — Extent of Warranty.**

3. A written warranty of the quality of an article cannot be enlarged by proof of parol warranties of quality made before the written warranty was made.

Appeal from District Court, Foster county; *Glaspell, J.*

Action by the Houghton Implement Company against Thomas Doughty. Judgment for defendant, and plaintiff appeals.

Reversed.

*Bosard & Bosard,* for appellant.

In face of a waiver of all damages for a failure to ship promptly a purchaser cannot rescind his purchase. If he had such right of rescission, he should have refused to receive the article purchased, and promptly given notice of his right to rescind. Failing this, and keeping the article two and a half months before signifying his refusal to settle and before tendering it back, bars his right of rescission. Reeves & Co. v. Corrigan, 3 N. D. 415, 57 N. W. 80; Jaggers v. Griffin, 43 Miss. 134; Simpson Brick Press Co. v. Marshall, 59 N. W. 728; Shull v. New Bridsell Co., 86 N. W. 654; Gale Sulky Harrow Mfg. Co. v. Stark, 26 Pac. 8; Alpha Check Rower Co. v. Bradley, 75 N. W. 369; Windlander et al. v. Jones, 42 N. W. 333; Hobbs v. Whip Co., 158 Mass. 194.

*McCue & Leslie,* for respondent.

MORGAN, C. J. Action for the recovery of $1,280 and interest, the purchase price of one twenty-five horse power Lightning balanced gasoline engine, sold by the Kansas City Hay Press & Machinery Company to the defendant on August 23, 1902. The plaintiff is now the owner of the claim for said purchase price by due assignment thereof to it. The engine was sold under a written order providing for the giving of secured notes for the purchase price. The engine was delivered to the defendant on August 23, 1902, and kept by him until the trial. Prior to November 6, 1902, plaintiff wrote him in regard to settlement for the engine, and on

that day defendant wrote plaintiff, refusing to settle for it. This suit was thereupon commenced. The defendant answered, and alleged, among other matters claimed as defenses, that the engine was purchased under a warranty of the quality and proper construction of the engine, and that it was "strictly a first-class engine in every respect," and would give perfect satisfaction; and that it did not comply with such warranty, and was wholly worthless, and of no value. A counterclaim was also pleaded for damages growing out of the breach of warranty. Damages were claimed in the sum of $1,387, the purchase price of the machine with freight added. The jury found a verdict in favor of the defendant. Plaintiff made a motion for a new trial, based upon a settled statement of the case, wherein it was assigned that the evidence was insufficient to sustain the verdict, and that errors of law in the admission of evidence at the trial were committed. The particulars in which the evidence was insufficient to sustain the verdict were specifically pointed out.

We are agreed that the evidence was not sufficient to sustain the verdict. The jury must have found either that the engine was worthless when delivered, or that the damages arising out of the alleged breach of warranty were equal to the amount claimed as due upon the purchase price of the engine. There is no evidence that the defendant suffered any substantial damages if it be conceded that there was a breach of warranty; hence that could not properly have been the basis of the verdict. The evidence that the engine was wholly worthless, and of no value, was of the most meager kind, conceding that the witnesses giving it were competent to testify as experts in regard to the value of the engine. The evidence as to the value of the engine was the following: The defendant was asked: "What is that engine worth in its present condition, or right after the breakage? Answer. I don't know whether it has any value or not." Another witness testified: "We failed to operate it. It could not be operated with safety. It broke in the first operation. It surely wasn't safe." And that, in his opinion, the engine could not be operated so as to produce any practical result. Another witness testified: "The engine could not be operated at all in its present condition. I can distinguish between an engine that has some value and one that has none. I wouldn't say that this one had any value at all for actual work. I mean that the engine itself would work, but wouldn't turn any power without any friction wheel." These

witnesses all testified to the value of the engine either at the time of the trial or after the wheel broke. No one testifies as to its value when delivered. No one testifies that the broken flywheel could not be remedied or replaced, or that the alleged defect in the cylinder could not be remedied. Whether the breaking of the wheel was due to poor workmanship or to defects in the materials, or the breaking was caused by inefficient operation, evidence of the value of the machine after it failed to work on account of breakage was not properly received. The evidence should have been directed to its value when received, or to its value after the repairs necessary to put it into the same condition as when received had been made. Section 4990, Rev. Codes 1899, prescribes the measure of damages in cases of breach of warranty of the quality of personal property to be the excess, if any, of the value which the property would have had at the time to which the warranty referred, if it had been complied with, over the actual value at that time. Proof of value must therefore refer to the time when the property was delivered under and pursuant to the warranty. Evidence of its value after trial and after breakages was inadmissible under the issues, and its receipt prejudicial error.

The evidence would not sustain the verdict had the same evidence as to the alleged worthlessness of the engine been confined to the time of its delivery, or after repairing and making it in the same condition as when received. The evidence is not based upon facts, and is of that character that a verdict is without support that is based upon it. One witness states that he does not know whether it has any value or not. Another says, "I wouldn't say that it has any value at all for actual work." Such testimony is negative, and will not support a verdict that an engine is worthless in the face of evidence that it was operated until it broke down, and in the absence of the fact that the alleged latent defects could not be remedied; and even in that case it cannot be claimed that the engine would be of no value whatever. · For these reasons we are satisfied that the evidence was improperly received after objection, and that it would not, in any event, be sufficient to sustain the verdict.

It is claimed that the verdict is sustained under the evidence and pleadings that the engine was to be used as a sample to induce the sale of like machines. Without conceding such contention, it is sufficient to say that the written order for the engine states

that it was to be equipped for threshing purposes, and nothing is therein said as to its use as a sample engine.

It is further insisted that the verdict must stand for the reason that the evidence shows that the machine did not work in a manner satisfactory to the defendant. That contention cannot avail defendant if conceded to be good, as the defendant kept the engine without seasonable objection or notice. He would therefore be entitled only to damages actually sustained by him on account of the breach of warranty.

It is also urged that damages on account of the delay in delivering the engine were properly to be considered by the jury. The written order expressly provided that no damages were chargeable for delay in delivering the engine.

Appellant assigns other errors, but as they will not probably arise on another trial they need not be mentioned.

The order refusing a new trial is reversed, a new trial granted, and the cause remanded for further proceedings. All concur.