E. C. Raymond, Doing Business Under the Name and Style of LaCrosse Credit Association, v. E. M. Edelbrock and Peter Massoth, Co-partners as Edelbrock and Massoth.

Opinion filed March 12, 1906.

**Fraud — Evidence.**

1. Evidence examined, and *held,* insufficient to establish the defense that the contract sued upon was void for fraud.

**Damages — Breach of Contract — Liquidated Damages.**

2. Where a contract provides that the party who fails to comply therewith shall pay the other party a stated sum as liquidated damages for the breach, such stipulation will be construed to refer to a total breach of the contract and not to a breach in some minor particular, unless the language of the agreement is explicit to the contrary.

**Same — Penalty.**

3. If an agreement fixes the same sum as damages for a breach in a minor particular as for a total breach regardless of the lesser amount of detriment apt to ensue from such partial breach as compared to the loss from an entire failure to comply, the stipulation will be construed to be one for a penalty, and therefore void.

**Damages — Opinion Evidences Must Be Based on Stated Facts.**

4. The opinion of a witness as to the amount of damages resulting from the defendant's wrong, where no facts are stated as the basis for an estimate of damages, is incompetent.

**Deposition — Objection to Evidence.**

5. Incompetent testimony in a deposition may be objected to and excluded at the trial.

**Appeal — Dismissal After Argument.**

6. A motion to dismiss an appeal for an alleged irregularity which is not of a jurisdictional nature will not be entertained, when not urged until after the appeal has been argued on the merits and a rehearing ordered.

Appeal from District Court, Richland county; *Lauder, J.*

Action by E. C. Raymond, doing business as the LaCrosse Credit Association, against E. M. Edelbrock and Peter Massoth. Judgment for defendants, and plaintiff appeals.

Reversed.

*McCumber, Forbes & Jones,* for appellant.

Right to move for a dismissal of an appeal is waived by any act recognizing it as before the court, such as motion for continuance, submission of the cause on its merits, etc. 2 Enc. Pl. & Pr. 348-

349; White v. Polleys, 20 Wis. 530; Anderson v. Webster, 11 So. 546; Ricker v. Collins, 17 S. W. 378; Warner v. Whitaker, 5 Mich. 241; Steward v. Dixon, 6 Mich. 391; Matson v. Connelly, 24 Ill. 143; Price v. Pittsburgh, 40 Ill. 44; Dinet v. People, 73 Ill. 183; Dobbins v. Baker, 80 Ind. 52; Field v. Burton, 71 Ind. 380; True- man v. Scott, 72 Ind. 258; French v. French, 84 Iowa, 655, 15 L. R. A. 300, 51 N. W. 145; 3 Cyc. 199; Edwards v. Logan, 69 S. W. 800; Louchheim v. Deeley et al., 43 N. E. 646; Jacob v. Gale, 1 So. 822; Parker v. DesMoines, 78 N. W. 826; Kemp v. Hein, 48 Wis. 32, 3 N. W. 831; Dorman v. McDonald, 36 So. 52.

Where damages cannot be ascertained, upon a breach of con- tract, the amount stipulated as liquidated damages should prevail. 19 Am. & Eng. Enc. Law, 402; Jaquith v. Hudson, 5 Mich. 123; Williams v. Green, 19 Am. & Eng. Enc. Law, 404; Hathaway v. Lynn, 75 Wis. 186; Clement v. Cash, 21 N. Y. 253; Mason et al. v. Callander Flint & Co., 2 Minn. 302; Lyman v. Babcock, 40 Wis. 503; Ward v. Hudson, 26 N. E. 256; sections 3923 and 3924, Rev. Codes 1899; Schroeder v. Cal. T. Co., 95 F. R. 296; Kelly v. Fejervary, 78 N. W. 828; Sanford v. First Nat. Bank, 63 N. W. 459; Barnes v. Clement, 66 N. W. 810; Manistee Iron Works Co. v. Shore Lumber Co., 65 N. W. 863; Lorius v. Abbott, 68 N. W. 486; Fisher v. Walsh et al., 78 N. W. 437; Seim v. Krause. 83 N. W. 583.

*Purcell, Bradley & Divet,* for respondents.

The defense of fraud is always available. When nothing has been received or parted with, rescission has no application. Haz- zard v. Irwin, 35 Mass. 95; Thurston v. Blanchard, 39 Mass. 18; Fitz v. Bynum, 55 Cal. 459; Aultman et al. v. Olson, 26 N. W. 451; Ward v. Speltz, 58 N. W. 426; Woodbridge et al. v. DeWitt et al., 70 N. W. 506; Cole Bros. & Hart v. Williams, 11 N. W. 875.

A misrepresentation may be as to the contents of a written in- strument. Maxfield et al. v. Schwartz et al., 47 N. W. 448; Ault- man v. Olson, 26 N. W. 451; Ward v. Spelts et al., 58 N. W. 426.

One cannot reap the fruits of his fraudulent acts, because if his victim had been more intelligent, less negligent and confiding, he would not have been injured. Ward v. Spelts, supra; Wood- bridge v. DeWitt, supra; Cole Bros. & Hart v. Williams, supra; Strand v. Griffith, 97 Fed. 854; Chamberlain v. Fuller, 59 Vt. 256; Warder, Bushnell & Glessner Co. v. Whitish, 46 N. W. 540;

Ganill v. Johnson, 1 S. W. 610; Davis v. Parker, 103 Mass. 501; Holland v. Anderson, 38 Mo. 55; Albany Sav. Institution v. Burdick, 87 N. Y. 40.

If defrauded party has not full knowledge of the facts and law as to the fraud, no act of his is effectual to ratify the deed. 2 Pom. Eq. 964; Hamilton v. Hodges, 30 La. 1290; Cleary v. Morrison, 11 Tenn. 369.

The contract sued upon is void on its face as it provides for a penalty. Lampman v. Cochran, 16 N. Y. 275; Spears v. Smith, 1 Denio, 464; Field on Damages, 136; Ledgvick on Damages, 396; Chadwick's Ex'rs. v. Marsh, 21 N. J. Law, 463.

ENGERUD, J. Defendants executed and delivered to plaintiff, who does business under the name "La Crosse Credit Association," the following contract: "Wahpeton, N. D., 8-15, 1902. I agree to send to the La Crosse Credit Association, within twenty days from the above date, correct post office addresses of and amount due from at least thirty debtors who owe me accounts and notes, not outlawed, amounting in the aggregate to one hundred and fifty dollars. The first money received on said notes and accounts up to thirty-six dollars I agree to send to said association within five days after their receipt. If I comply with this agreement, I am not to pay any money to said association except from money collected. Should I fail to comply with this agreement I promise to pay to said association said sum of thirty-six dollars, as liquidated damages, within ten days after default. Two two-cent stamps to accompany each claim. All claims sent for collection to be listed on blanks furnished by said association and to give the name of debtor, correct post office address, date of last payment or purchase and occupation of debtor if said occupation is known to me. In consideration of this agreement the LaCrosse Credit Association agrees to handle this subscriber's business for a period of four years, to send this subscriber, upon request, blanks on which to send claims for collection, to give each claim diligent attention, and to furnish a special report, when requested, in accordance with the provisions made in the special report book which will be mailed to the subscriber upon request. The La Crosse Credit Association agree that if they do not fulfill their part of this agreement they will, upon default, pay this subscriber the sum of thirty-six dollars. No agent of the La Crosse Credit Association has authority to change the terms of this agreement. Receipt of a copy of the

above agreement is hereby acknowledged [Signed] La Crosse Credit Ass'n, per Harry Taggart. Edelbrock & Massoth." The defendants failed to comply with the contract in this that they sent to the plaintiff within twenty days after the execution·of the contract the names of only five debtors who owed defendants the aggregate sum of $150, instead of the names of thirty debtors. For this breach of said contract the plaintiff brought this action to recover $36 stipulated damages for the breach thereof. The defendants denied liability on the ground that their signatures to the contract had been procured by fraud. There was a trial by jury and a verdict for defendants. A statement of the case was duly settled, upon which plaintiff applied for judgment notwithstanding the verdict, or for a new trial. Both motions were denied and the plaintiff appeals from the judgment.

Appellant contends that the plea of fraud is conclusively disproved, and that a verdict should have been directed in his favor, and hence that he is entitled to a judgment notwithstanding the verdict; but, even if he is not entitled to such judgment, there should be a new trial by reason of the insufficiency of the evidence to justify the verdict and numerous alleged errors of law.

It is urged by the appellant that the allegations of the answer are insufficient to show that the contract was void, because it does not allege that the same was rescinded upon the discovery of the alleged fraud. The point is well taken. The obligation imposed by the contract upon the plaintiff was wholly executory. The defendants had received nothing under the contract and consequently had nothing to restore to the plaintiff as a condition precedent to exercising their option to treat the whole transaction as a nullity. The views of the writer on this subject are not in accord with those of my associates and are in conflict with those expressed by the majority of the court in Sonnesyn v. Akin, 14 N. D. 248, 104 N. W. 1026. I fully agree with the views expressed by Judge Fisk in his dissenting opinion in that case. Rescission of a contract is the act of canceling it by restoring the conditions existing immediately before it was made. Rescission is effected by each party returning to the other what has been received pursuant to the contract or its equivalent. It is manifest that if nothing has been received through the voidable·contract by the party seeking to avoid it there is nothing for him to do as a condition precedent to·exercising·his election to treat it as a nullity except

to assert the invalidity of the transaction whenever the guilty party seeks to assert some right under it. The defrauded party has the option to treat the transaction as void or valid and this right continues so long as the party having the election does not do anything which amounts to a ratification. The defrauded party is not required to give notice of disaffirmance, provided he does not after knowledge of the fraud, retain the fruits of the fraudulent transaction, or tacitly or by affirmative action lead the other party to change his position by reason of apparent ratification. These propositions are so plainly elementary that citation of authorities is unnecessary. We call attention, however, to the following: Bigelow on Fraud (Ed. 1888) p. 77 et seq.; Thurston v. Blanchard, 22 Pick. (Mass.) 18, 33 Am. Dec. 700; Starch Co. v. Lendrum (Iowa) 10 N. W. 900, 42 Am. Rep. 53.

It is next claimed that the answer, although alleging fraud in procuring the contract sued on, does not show any damage, present or prospective, resulting from the fraud. It is not necessary to avoid a contract for fraud that any damage has been or may be suffered by the defrauded party. As was said in Beare v. Wright (lately decided by this court) 103 N. W. 634, a contract induced by fraud "is voidable, not because of any supposed pecuniary damage done to the defrauded party, but because the consent of the latter was not free. Rev. Codes 1899, sections 3836 3841-3844. Fraud, actual or constructive, renders a contract voidable for the same reason that mistake, undue influence, duress, etc., have the same effect." We think the answer was sufficient The allegations of the answer are not, however, sustained by the proof. The only evidence in behalf of the defendants as to the alleged fraud is that of one of the defendants. In response to several very leading questions he was induced to make answers which, standing alone, give some apparent support to the allegations of fraud. When the answers to these leading questions, however, are read in connection with his testimony on cross-examination it clearly and conclusively appears that he carelessly signed the contract without reading it himself or having it read to him, and that no miss-statements of its contents were made to him. It further appears by his own admission that after he had learned the exact terms of the contract he ratified it by partial performance. The verdict for defendant being based solely on the defense of fraud is without support in the evidence. A

verdict should have been directed for plaintiff, but for nominal damages only.

It will be observed that the plaintiff is seeking to recover damages for only a partial breach of the contract. The defendants sent to plaintiff within the time prescribed the required amount of claims for collection, but failed to send the specified number. By the terms of the contract the defendants promised to pay $36 "as liquidated damages" if they failed "to comply with this agreement." If this language is to be construed to mean that the stipulated sum was to be the measure of damages for a breach of any of the stated conditions, then the pretended liquidation of damages was a mere agreement for a penalty; and the entire stipulation would be void for familiar reasons. Where a contract stipulates for the performance of several acts and fixes the same amount of damages for the nonperformance of any single minor condition as is fixed for a total breach, regardless of the relative detriment apt to result from such partial breach as compared to the loss for a total breach, the very terms of the contract itself demonstrate that compensation for actual detriment was not the thought of the parties. If the agreement is not for compensaion it is necessarily one for a penalty. Such a stipulation is therefore void. Lyman v. Babcock, 40 Wis. 503; Lampman v. Cochran, 16 N. Y. 275; Sedgwick on Damages (8th Ed.) section 406; Sutherland on Damages (3d Ed.) section 295. It follows that if the stipulation in question is to be upheld it must be construed to be applicable only to a total breach. Sedgwick on Damages (8th Ed.) section 415. The stipulation fixing the amount of damages in case of a total breach having no application to the partial breach shown in this case, it was incumbent upon the plaintiff to prove the extent of his loss if he would recover more than a nominal amount. This he failed to do. The only attempt to do so was in the examination of plaintiff whose testimony was taken by deposition. He was asked this question: "What damages have you sustained by reason of the failure of the defendants to keep and perform their contract?" The question was objected to on the trial on the ground that it called for the conclusion of the witness, and incompetent testimony, and there was no proper foundation laid. The objection was properly sustained. The question did not call for a statement of facts upon which an estimate of damages could be based. The opinion of

the witness as to what his damages should be was clearly incompetent. Objections to testimony by deposition may be made at the trial for incompetency. Rev. Codes 1899, section 5687. Although the plaintiff failed to prove actual damage he was nevertheless entitled to recover nominal damages for the defendant's breach of contract. Revised Codes, section 5016. The court should have given an instruction to that effect as requested by the plaintiff.

This case was commenced in justice court, and hence the re-covery of only nominal damages would entitle the plaintiff to recover full costs. The action also involves the validity of the contract in question. The effect of this verdict and judgment is to nullify the contract itself and forever bar the plaintiff from asserting any right under it, as well as to absolve the defendant from all obligations under it. As we have seen, the evidence did not warrant such a verdict and judgment. If the judgment were to be affirmed the plaintiff would be wrongfully deprived of a substantial right. Under such circumstances the verdict must be set aside even though the plaintiff was entitled to only nominal damages. 1 Sutherland on Damages, 11, 13, 815; 8 Am. & Eng. Enc. Law (2d Ed.) 560. We decline to entertain respondents' motion to dismiss the appeal, because the motion comes too late. The regularity of the appeal was not questioned until after a rehearing had been ordered. The ground upon which the dismissal is urged, if tenable, is an irregularity not of a jurisdictional nature.

The judgment is reversed, and a new trial ordered.

YOUNG, J. I concur in the foregoing opinion, but not in all that is said on the question of rescission. The point urged by appellant's counsel is that the third paragraph of the answer, which alleges that the contract is void because of fraud in its procurement, and sets forth the particular fraud relied upon for declaring it void, i. e., that the plaintiff falsely and corruptly misstated its contents and thus secured the defendants' signature, does not state a defense, because it does not alleged a rescission of the contract prior to the commencement of the action. It is said that the first and only notice the plaintiff has received that the defendants claim that the contract is void for fraud was given by their answer, and it is urged that they cannot disaffirm by their answer, but on the contrary, that the answer must, to be sufficient, allege a precedent rescission. The contract in question was executory and defendants have received nothing to return as a condition for dis-

affirmance. It is not contended that the answer is not sufficient in form or substance to constitute a disaffirmance. Their sole contention is that the disaffirmance must have occurred before the action was brought, and must be so alleged. As applied to an executory contract upon which nothing has been received, such as in the case at bar, the contention, in by opinion, is not sound. The answer alleges that the defendants' consent to the contract was procured by fraud. This made the contract voidable and gave them the right to render it void by proceeding in the manner prescribed by the chapter on rescission. There is nothing contained in that chapter which forbids a disaffirmance by answer. The right to disaffirm, existing, the election to do so is manifested and effected (1) by a repudiation of the contract; and (2) by a return of anything of value received, where a return is necessary. In this case nothing of value having been received, the only act required was the declaration of these defendants that they refused to be bound by the contract and this was sufficiently done in their answer. The answer in this case contains an express disaffirmance and is notice to the plaintiff that the defendants refuse to be bound. There is then no absence of notice and the case does not therefore present the question as to whether a rescission can in any case be effected without notice of some kind of the election to rescind. The rule of the cases as stated in 24 Am. & Eng. Enc. Law (2d Ed.) 645, is that "a party who intends to rescind a contract must within a reasonable time give to the other party notice of disaffirmance or must in some way communicate to him his intention to rescind." And this court approved the rule in the recent case of Sonnesyn v. Akin, 14 N. D. 248, 104 N. W. 1026, 1030.

The requirement that property or value received be returned is merely an incident of the rescission, and I do not understand that the fact that there is no return required in a particular case excuses the party having the right to rescind from actually repudiating by notice of some kind or by some act which will communicate his election. Such contracts are not void until disaffirmed. The first requirement of a rescission is that "he must rescind promptly" (Subdivision 1, section 3934, Rev. Codes 1899), and it is apparent that this cannot be done by silence and nonaction.

MORGAN, C. J., concurs in this view.