(108 N. W. 792.)

---

## B. H. ANNIS v. F. H. BURNHAM.

Opinion filed June 27, 1906.

**Vendor and Purchaser — Delay After Knowledge of Grounds of Rescission — Fraud.**

1. After a delay of six months, during which a contract for the sale of land is recognized as valid by the vendee, after notice that the contract was voidable on the ground of misrepresentations as to the vendor's title, the vendee cannot rescind the contract on the ground of such misrepresentation.

**Same.**

2. A party desiring to rescind a contract for the sale of land must act promptly after notice of the grounds entitling him to rescind.

**Same — Waiver.**

3. By not rescinding promptly after such notice, the right to do so is waived, although no prejudice or injury to the vendor is shown.

**Same.**

4. A contract for the sale of land cannot be avoided by the vendee, in the absence of fraud or mistake, unless the vendor abandons the contract or fails to comply with its terms.

**Oral Modification of Written Contract.**

5. An oral alteration of a written contract that is definite in all its terms is not binding, unless the contract as changed has been executed.

Appeal from District Court, Foster county; *Burke, J.*

Action by B. H. Annis against F. H. Burnham. Judgment for plaintiff, and defendant appeals.

Affirmed.

*Craven & Maxfield,* for appellant.

No one can acquiesce in a wrong if ignorant of its existence. 29 Am. & Eng. Enc. (2nd Ed.) 1093; Henry v. Cootsworth Co.,

Bond, et al. 55 N. W. 643; Portland F. & R. Co. v. Spillman, 32 Pac. 688; Pence v. Langdon, 99 U. S. 578, 25 L. Ed. 421. The validity of a waiver requires that it shall be made with knowledge of the right, intentionally and voluntarily, upon a valuable consideration, and shall involve some element of estoppel. Hammon on Cont. 175; Marston v. Simpson, 54 Cal. 189; Hochkiss v. Middlekauff, 43 L. R. A. 806; Wilson v. Carpenter, 91 Va. 192; 29 Am. & Eng. Enc. (2nd Ed.) 1095; San Bernadino Investment Co. v. Merrill, 41 Pac. 487; Henry v. Bond, 55 N. W. 643; Portland R. Co. v. Spillman, 32 Pac. 688; Bennecke v. Ins. Co. 105 U. S. 355, 26 L. Ed. 290; 29 Am. & Eng. Enc. (2nd Ed.) 1097. Delay alone cannot work loss of right to rescind, some element of estoppel must be invoked. Royal v. Aultman Taylor Co. 2 L. R. A. 526; Marston v. Simpson, supra. Necessary elements of estoppel present 16 Cyc. 726.

The party sought to be estopped must be aware of the effect of his acts. 16 Cyc. 744; Conway v. Supreme Council etc. 70 Pac. 223; Goodale v. Middaugh, 46 Pac. 11; Winegardner v. Equitable Loan Co. 94 N. W. 1110; Gjertsadengen v. Hartzell, 9 N. D. 268, 83 N. W. 230, 81 Am. St. Rep. 575.

There being no estoppel, the acts to constitute a waiver, must have been done with knowledge of their consequences. Hammon on Cont. 175; Wilson v. Carpenter, 91 Va. 192; Hotchkiss v. Middlekauf, supra. And with intention to have them constitute a waiver. 26 Am. & Eng. Enc. (2nd Ed.) 1095; San Bernadino Inv. Co. v. Merrill, supra.; Henry v. Bond, supra. A waiver must be founded upon consideration, or estoppel. 29 Am. & Eng. Enc. (2nd Ed.) 1097. Formal rescission not required, any direct or positive rescission is sufficient. Hammon on Cont. 178; Pollock on Cont. 539; Hammon v. Pennock, 61 N. Y. 145; Potter v. Taggert, 11 N. W. 678; 24 Am. & Eng. Enc. (2nd Ed.) 645. | And evidence may be used, not to vary or modify a contract, but to show how it was to be carried out. 17 Cyc. 638; Willis v. Fernald, 33 N. J. L. 206; Steinfield v. Wilcox, 56 N. Y. S. 217; Tennelly v. Ross, 14 Ky. L. Rep. 48; Jones on Evidence, section 450; 17 Cyc. 737; Cummings v. Arnold, 37 Am. Dec. 155; Marsh v. Bellew, 45 Wis. 36.

*S. E. Ellsworth,* for respondent.

In the absence of fraud parol evidence is inadmissible to vary terms of contract in the absence of fraud, mistake or ambiguity of

expression. Apking v. Hoffer, 104 N. W. 177; Rev. Codes 1899, section 3936; Foster v. Furlong, 8 N. D. 282, 78 N. W. 986; Houghton Imp. Co. v. Doughty, 14 N. D. 331, 104 N. W. 516; Dowagiac Mfg. Co. v. Mahon, 13 N. D. 516; 101 N. W. 903; Western Electric Co. v. Baerthel, 103 N. W. 475.

Conveyance is presumed to be made, when no time is fixed by the contract, when the same is fully performed. Sennet v. Shehan, 7 N. W. 266. To make a tender of performance effective it must be made while performance was due from vendor. Way v. Johnson, 58 N. W. 552; Arnett v. Smith, 11 N. D. 55, 88 N. W. 1037; Sennet v. Shehan, supra. One in default himself in the terms of a contract is without standing in court, when he asks for a recovery of payments under its provisions. Way v. Johnson, supra; Apking v. Hoffer, supra; Sonnesyn v. Akin, 14 N. D. 248, 104 N. W. 1026. Fraud does not render a contract void, but voidable. 14 Am. & Eng. Enc. (2nd Ed.) 156; Sonnesyn v. Akin, supra. To render it voidable, the misrepresentation must be believed and been the inducement to its making, and such belief resulted in loss, injury, damage and detriment. Sonnesyn v. Akin, supra. To entitle one to rescind for fraud, he must refuse further performance, otherwise he waives the right to rescind the contract and it becomes binding upon him. Ross v. Page, 11 N. D. 458, 92 N. W. 822; Bennett v. Glaspell, 107 N. W. 45; Sonnesyn v. Akin, supra; McWhirter v. Crawford, 72 N. W. 505.

MORGAN, C. J. This action was brought to recover the sum of $1,000 paid by the plaintiff upon a contract for the sale of 960 acres of real estate, which the plaintiff claims was subsequently rescinded by him on the ground that the defendant procured the contract to be entered into by the plaintiff through fraudulent representations as to defendant's title to part of the land involved in the contract. The material parts of the contract are as follows: That the said Frank H. Burnham, * * * being the owner in fee simple of the following-described property, * * * does hereby agree, bargain, and sell the said Benjamin H. Annis the above-described property on the following conditions, viz: The said Frank H. Burnham to receive for said lands above described, including improvements, the price of eighteen ($18.00) dollars per acre, in other words, 960 acres at the net figure of seventeen thousand two hundred eighty ($17,280.00) dollars to be paid by the said Benjamin H. Annis to the said Frank H. Burnham in amounts

agreed as follows: One thousand ($1,000.00) in hand paid; receipt of which is hereby acknowledged, and four thousand ($4,000.00) dollars to be paid when said Benjamin H. Annis takes possession of said farm, but in no case later than March 1st, 1902, and the balance of twelve thousand two hundred eighty ($12,280.00) dollars to be paid in five equal annual payments at seven (7) per cent, rate of interest. It is further agreed that the said Frank H. Burnham agrees to accept from the said Benjamin H. Annis all or any part of the said principal at any time the said Benjamin H. Annis may elect. Witness our hands and seals this day and year above written: F. H. Burnham. B. H. Annis." The representations relied upon by plaintiff as grounds for avoiding the contract are that the defendant represented himself to be the owner in fee simple of all the land, whereas in truth 320 acres were then held by defendant under contract for the sale of the land to him by the Casey Land Company. The complaint further alleges that the written contract above set forth was altered by an oral contract agreed upon by the parties, subsequently entered into by them. This oral contract, it is alleged, was to the effect that defendant was to give possession of the land to the plaintiff within a reasonable time after the making of the oral contract, and, in no event, was possession to be given later than March 1, 1903; (2) that at the time possession was to be given to plaintiff, defendant was to make and deliver to plaintiff a warranty deed of said lands, and plaintiff was thereupon to pay to defendant the sum of $4,000 and make and deliver to defendant five promissory notes for $2,456 each, respectively payable one, two, three, four, and five years from the date thereof, with interest at 7 per centum per annum; (3) that plaintiff was to make and deliver to the defendant his mortgage upon all the lands conveyed by said deed to the plaintiff to secure the payment of said five promissory notes. The trial court directed a verdict in defendant's favor at the close of the trial. Plaintiff has appealed from the judgment.

The specifications of error relate to (1) rulings refusing an offer of testimony to prove that the written contract was changed by the subsequent oral contract pleaded in the complaint; (2) the refusal of the trial court to instruct the jury that the plaintiff had a right to rescind the contract as a matter of law, on March 1, 1903; (3) in refusing to instruct the jury as a matter of law that the plaintiff had not waived the right to rescind the contract.

Whether the court erred in refusing to admit the testimony offered to show that the written contract was subsequently modified, depends upon the construction to be placed upon section 3936, Rev. Codes 1899 (section 5382, Rev. Codes 1905), which is as follows: "A contract in writing may be altered by a contract in writing or by an executed oral agreement, and not otherwise." It is not claimed that the alleged oral agreement was ever · executed. A reading of the contract shows that it is not indefinite in any of its terms. It does not particularly specify at what time a deed is to be executed and delivered, but from the terms of the contract it is clear that a deed cannot be demanded until the payments have been fully made. After the payments have been fully made, a deed is immediately demandable, and, if refused within a reasonable time, its delivery could be enforced in a proper action. The date of taking possession by the defendant is not expressly stated, but it is clear that possession could be demanded and taken at any time upon payment of the sum of $4,000, required to be paid not later than March 1, 1903. It is therefore clear that the contract was definite and unambiguous as originally entered into, and does not require extrinsic evidence to make certain what were intended to be its terms by the parties. Section 3936, supra, is a definite enactment concerning the alteration of written contracts. Its terms clearly repel the idea that such contracts can be orally modified so far as its executory provisions are concerned. We have recently considered this question in Cugham v. Larson, 13 N. D. 373, 100 N. W. 1088, and it was there decided that said section applies to all contracts in writing whether the alteration attempted by parol agreement pertain to the performance or to other terms of the contract. There was no error in excluding the testimony that was offered to show a parol modification of the contract. Foster v. Furlong, 8 N. D. 282, 78 N. W. 986; Dowagiac Mfg. Co.. v. Mahon, 13 N. D. 516, 101 N. W. 903; Houghton Imp. Co. v. Doughty, 14 N. D. 331, 104 N. W. 516; Western El. Co. v. Baerthel (Iowa) 103 N. W. 475; Apking v. Hoffer (Neb.) 104 N. W. 177.

It is claimed that the contract was entered into by plaintiff through fraudulent representations on ˙ the part of the defendant which rendered the contract void. It is true that the defendant was not the owner of all the land represented in the contract to be owned by him. It is also true that the plaintiff did not know

that defendant held some of the land under a contract for its conveyance to him on performance of certain conditions. These conditions pertained solely to payments. Upon paying the agreed price, the vendor would convey the land to this defendant by warranty deed forthwith. It is also true that the plaintiff was notified within a few hours after the signing of the contract that 320 acres of this land were held by defendant under contract. The $1,000 payment was made by check and payment of said check could have been stopped after plaintiff was notified as to the true facts in reference to the defendant's title. For nearly six months after the making of the contract, plaintiff was making preparations to carry out the provisions of the contract as to payments and repeatedly wrote the defendant to that effect. The plaintiff wrote defendant during this time to the effect that he was making preparations to meet his payments and offered to sell the land or to rent it. After acquiescing in the contract for that length of time, plaintiff will not be upheld in his attempt to rescind the contract on the alleged ground that it was entered into through fraudulent representations. The plaintiff's contention that such a misrepresentation rendered the contract void, cannot be sustained. It rendered the contract voidable at his election, but he must act promptly in making his election whether he would acquiesce in or repudiate the contract. Sonnesyn v. Akin, 14 N. D. 248, 104 N. W. 1026. Section 3934, Rev. Codes 1899 (section 5380, Rev. Codes 1905), provides that rescission, when not effected by consent, can be accomplished only by the use on the part of the party rescinding of reasonable diligence to comply with the following rules: (1) "He must rescind promptly upon discovering the facts which entitle him to rescind if he is free from duress, menace, undue influence, or disability, and is aware of his right to rescind." Plaintiff became cognizant of the misrepresentation on the same day that the contract was signed. He was therefore aware of his right to rescind on that day. He did nothing toward rescinding for six months thereafter. No fixed rule can be laid down as to the time within which a person must rescind. What may be a prompt rescission in one case would not be so under the facts of another case. Under the facts of this case, we think that the plaintiff did not act promptly. Having waived the right to rescind, plaintiff must be held bound by the contract to the same extent as though the contract was binding in its inception.

It was therefore in full force and effect when this action was commenced. Plaintiff contends that delays in effecting a rescission will not defeat that right unless the party rescinding is estopped from so doing by having caused the other party to become damaged or prejudiced in some way. The statute cannot be so construed. Promptness is made an imperative condition without regarding the consequences upon the other party. He cannot wait six months until conditions may change and then attempt to avoid the contract because he is dissatisfied with it, and then urge as ground for rescission a fact which he had notice of six months before, and which he acquiesced in and waived. Under these circumstances, it would seem impossible to believe that plaintiff entered into the contract relying upon the fact that defendant was then actually the owner of the land and that this fact was such an inducement to entering into the contract that it would not have been entered into in the absence of such fact. If he was relying upon the fact of title in the vendor, he had ample time to repudiate the contract before the payment of the $1,000 was beyond recall. By his delay in attempting to rescind the contract, and by expressly recognizing the contract as valid, he has waived the right to repudiate it. 14 Am. & Eng. Enc. pp. 156-161, and cases cited; 2 Current Law, p. 1992. The fact that there was a misrepresentation in the contract was waived. Plaintiff cannot now take advantage of the misstatement, even if fraudulently made, and there is no evidence of that. As a matter of fact, the evidence would not sustain a verdict that plaintiff relied on such misstatement. It is clear that he attempted to repudiate the contract for other reasons than that alleged.

It is finally insisted that defendant was in default under the contract on March 1, 1903, and that plaintiff then demanded a deed and demanded payment to him of the $1,000 previously paid on the contract, and that he is therefore entitled to recover the $1,000. The basis of this contention is that plaintiff claims that he tendered $4,000 at that time, and that defendant refused to deliver a deed, and thereby became in default. There are two conclusive answers to this contention: (1) The plaintiff did not tender the $4,000. (2) The contract does not provide for the delivery of the deed upon payment of the $4,000. Upon the subject of the alleged tender of the $4,000, it need only be said that the evidence does not even show a readiness or willingness

to pay that sum. The negotiations of March 1, 1903, were made by plaintiff's agent who came from Iowa to Carrington, N. D., at plaintiff's request "to make demand on him (Burnham) for deeds to said land, and to tender to him money in payment therefor." This agent had no money with which to make any tender or payment and was not authorized by plaintiff to pay or tender any money. The plaintiff did not have $4,000 to his credit in the Iowa bank. If defendant was under obligation to deliver a deed upon payment or tender of the $4,000, plaintiff has not placed defendant in default in that respect. A willingness or readiness to pay would not be sufficient in this case. There must be an actual tender. The defendant would not be in default until he had an opportunity of receiving the money, providing he was ready and willing to deliver the deed. There was no payment or a willingness to pay shown, nor was a tender shown. There is nothing in the contract providing for delivering a deed upon payment of $4,000 on or before March 1, 1903. The written contract governs the rights of the parties and that cannot be construed to show that a deed was demandable upon payment of the $4,000.

Upon a careful review of the evidence we are satisfied that no error is shown by the record. It follows that the judgment must be affirmed. All concur.