DASHIELL et al. v. CHRISTIAN et al.

(Court of Civil Appeals of Texas. Austin. Dec. 18, 1912. Rehearing Denied Jan. 22, 1913.)

1. BROKERS (§ 102*)—MISREPRESENTATIONS.

Where a vendor's agent did not describe the land to a purchaser, but merely pointed it out on a map, which both he and the purchaser believed to be correct, but which incorrectly showed a creek as running through the land, he was not guilty of a fraudulent misrepresentation.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 146; Dec. Dig. § 102.*]

2. VENDOR AND PURCHASER (§ 114*)—RESCISSION BY PURCHASER.

A purchaser of land who sells it to a third party who assumes payment of the vendor's lien notes is not in a position to rescind his purchase.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 202–204; Dec. Dig. § 114.*]

3. VENDOR AND PURCHASER (§ 119*)—RESCISSION BY PURCHASER.

A purchaser could not rescind because of a fraudulent representation that a creek ran through the land, where, although he learned long before the attempted rescission that this was not so, he failed to make known to the vendor that he had been defrauded, but, instead, sought an extension of time for payment of the first vendor's lien note, since a purchaser desiring to rescind for fraud, accident, or mistake must proceed promptly, or he will lose such right.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 212–214; Dec. Dig. § 119.*]

Appeal from District Court, Kaufman County; F. L. Hawkins, Judge.

Action by A. H. Dashiell and another against W. S. Christian and others. Judgment for defendants, and plaintiffs appeal. Affirmed in part, and reversed and rendered in part.

J. P. Coon, of Terrell, for appellants. Terry & Brown, of Kaufman, for appellees.

RICE, J. Appellants brought this suit against W. S. Christian, W. T. Coble, D. M. Young, and I. N. Merrifield to enforce the collection of certain promissory notes of date the 17th of November, 1909, payable on the 17th day of November of the years from 1910 to 1916, inclusive, respectively, with interest and attorney's fees, and providing that failure to pay either note or any installment of interest on maturity should, at the option of the holder thereof, mature the entire series, and to foreclose the vendor's lien on 960 acres of land in Hutchison county, Tex., alleging that they, through their agent Hedgecoke, had sold said land to said Christian, who had given said notes in part payment thereof, and who had thereafter sold said land to Young who assumed the payment of said notes, and that Coble and Merrifield were making some pretended claim thereto. Christian alone answered, setting up that he had purchased the land through appellants' agent Hedgecoke, paying therefor $500 cash, and executing the notes sued on for the balance of the purchase money, alleging that said Hedgecoke fraudulently represented to him that the land was situated on Moore's creek, was rich bottom land, well watered and timbered, and, relying upon said representations, he was induced to purchase the same, that said statements were untrue, the same being hill land, without water and timber, and of much less value than land of the character represented to him by Hedgecoke, praying that no personal judgment be ren-

dered against him thereon. Appellants in reply thereto contended that Christian was estopped to rescind or cancel any part of the contract for the reason that he had sold the land to Young, who as a part of the consideration of said sale had assumed the payment of said notes. There was a nonjury trial, wherein judgment was rendered in behalf of the appellants for the amount sued for as against Christian, with foreclosure as against all the others except Merrifield, who was not served, and there was a judgment of dismissal entered as to him. Thereafter said judgment, on motion of appellee, was so reformed as to limit his responsibility thereunder to the sum of $638.20, being the amount of said $500 payment, interest, and attorney's fees, providing that, if said land should sell for as much as $638 and costs of suit, defendant Christian should be discharged therefrom; but, if it sold for less, then execution might issue against him for the difference, etc., from which judgment this appeal is prosecuted. This action of the court in so reforming the judgment is assigned as error, on the ground that the court erred in holding that appellants' agent, under the facts found, was guilty of a fraudulent misrepresentation as to the character of the land.

[1] It appears from the findings of fact that Hedgecoke, the agent of appellants, did not know the location of the land and did not describe it to Christian; that the only representation made by Hedgecoke was in pointing to the county map. Christian had lived in Hutchison county for nine years, during part of which time he was sheriff, and was familiar with the land in the county. Both he and Hedgecoke believed the map spoke the truth. From the map it appeared that Moore's creek ran through the land; but, in fact, the map was incorrect in this, and the creek did not run through it. From this finding we are not disposed to hold that Hedgecoke was guilty of any fraudulent misrepresentation. As above said, he merely pointed to a map which seems to have been the official map of the county kept in the courthouse (presumably for public use) without vouching for its correctness, or intimating that there was a creek running through the land, but we infer was merely undertaking to show in what part of the county the land was located, from which it follows, in our opinion, that the court erred in finding, as a conclusion of law, that Hedgecoke was guilty of a fraudulent misrepresentation in merely pointing to the map for the purpose of locating the land.

[2, 3] In addition to this, we think that appellee is not in position, even if there had been a fraudulent representation on the part of Hedgecoke, to urge the same in his behalf, because it appears from the undisputed evidence that within a month after he purchased the land he sold it for a profit to Young, who assumed payment of the notes; and, although he ascertained that the creek did not run through the land long before the suit was brought, he failed to make known the fact that he was defrauded to either Hedgecoke or appellants, and sought an extension of time for payment of the first note. Having sold the land, he was not in a position to have rescinded the sale. Paul v. Chenault, 44 S. W. 682; 39 Cyc. 1423. Such a sale is merely voidable, and his acquiescence therein, after knowledge of the alleged fraud, would defeat his right of rescission. It is said in Shoemaker v. Cake, 83 Va. 1, 1 S. E. 387, that: "Although the buyer may have been imposed upon by the fraud of the vendor, the contract is voidable only, not void; and, if after the discovery of the fraud he acquiesces in the sale by express words or by unequivocal acts, such as treating the property as his own, his election will be determined and he cannot afterwards reject the property." It is also held in Vaughn v. Smith, 34 Or. 54, 55 Pac. 99, that a vendee desiring to rescind a contract on the ground of fraud, accident, or mistake must proceed promptly, or else he will be debarred of his right. It is also said in Provident Loan Trust Company v. McIntosh, 68 Kan. 452, 75 Pac. 498, 1 Ann. Cas. 906, that he must act within a reasonable time. See, also, Wylie v. Gamble, 95 Mich. 564, 55 N. W. 377; Williams v. Maxwell, 45 W. Va. 297, 31 S. E. 909. Where a vendee of land does not rescind the contract promptly after notice of the grounds entitling him to do so, the right to rescind is waived, though no prejudice or injury to the vendor is shown. Annis v. Burnham, 15 N. D. 577, 108 N. W. 549. For both of which reasons we think the court erred in limiting the effect of the judgment as indicated as to appellee Christian.

It is therefore ordered that the judgment of the court below be reversed and rendered in behalf of appellants as against said Christian for the full amount of said notes, with interest and attorney's fees, together with a foreclosure of the vendor's lien on said land; but the same is in all other respects affirmed.

Affirmed in part, and in part reversed and rendered.