CATHERINE NORTHRUP v. ST. PAUL FIRE DEPARTMENT RELIEF ASSOCIATION.[1]

March 8, 1935.

No. 30,189.

*Smith, Waldorf & Jennings* and *Reece J. McGee,* for appellant. *Lightner & Gehan,* for respondent.

HOLT, JUSTICE.

This is an appeal by plaintiff from a judgment rendered against her in a suit to recover from defendant a pension which she claims to be entitled to under the constitution and by-laws of defendant, an association duly organized under the laws of this state.

There is no dispute as to the facts. Plaintiff was the lawful wife of Anson James Northrup when on August 23, 1914, he died a member of defendant. She then became entitled as his widow to receive a pension from defendant. She was placed on its pension roll and received her pension up to October 27, 1924. On October 23, 1924, at St. Paul, Minnesota, she married Harold W. Sutton. Sutton, a week thereafter, instituted an action in the district court

[1]Reported in 259 N. W. 185.

of Hennepin county to annul the marriage, and on May 20, 1925, findings thereon were filed pursuant to which, on that day, a judgment entered "adjudged and decreed that the bonds of matrimony heretofore existing between plaintiff and defendant be and are hereby null and void." On April 7, 1928, the court, on motion of this plaintiff, the defendant in the annulment action, amended the judgment of May 20, 1925, eliminating the quoted words and replacing them with: "It is hereby adjudged and decreed that the bonds of matrimony never existed between the plaintiff and the defendant herein, and that the matrimonial ceremony of the parties hereto is hereby declared and decreed to be null and void, *ab initio*." Defendant had made no payment to plaintiff since October 27, 1924, nor has it since that date reinstated or placed plaintiff on its pension rolls. As conclusion of law the court found that the marriage between plaintiff and Sutton was a voidable marriage and was annulled by the judgment rendered May 20, 1925; that it was not a void marriage notwithstanding the order of April 7, 1928, purporting to amend such judgment; and that by reason of the performance of said marriage plaintiff was not thereafter entitled to further pension money from defendant.

The appeal attacks the conclusions of law. 2 Mason Minn. St. 1927, § 8580, specifies two conditions only under which a marriage is void, *viz.* on account of consanguinity or on account of either party having a former spouse then living. As to such marriages the statute provides that, if solemnized in this state, they "shall be absolutely void, without any decree of divorce or other legal proceeding." An exception is made in certain cases which is not applicable to plaintiff's marriage to Sutton. The next section (8581) defines what marriages are voidable. It reads:

"When either party to a marriage is incapable of assenting thereto for want of age or understanding, or when the consent of either has been obtained by force or fraud, and there is no subsequent voluntary cohabitation of the parties, the marriage may be annulled at the suit of the injured party, and shall be void from the time its nullity is adjudged."

It is clear from the face of the judgment annulling the marriage of this plaintiff and Sutton that he was the injured party and the one entitled to the relief granted. The subsequent order amending this judgment of May 20, 1925, on motion of this plaintiff, who was not the injured party entitled to relief, seems wholly unauthorized. The findings upon which the judgment rests—the amended judgment as well as that originally entered—conclusively demonstrate that the marriage was voidable, not void. Such a marriage "may be annulled at the suit of the injured party, and shall be void from the time its nullity is adjudged." Thus by the express words of the statute plaintiff's marriage to Sutton was not void until the entry of judgment on May 20, 1925. State v. Yoder, 113 Minn. 503, 130 N. W. 10, L. R. A. 1916C, 686, settles beyond dispute that from the time the marriage ceremony between plaintiff and Sutton was performed October 23, 1924, until the judgment declaring the marriage null and void, plaintiff's status was that of Sutton's wife. See also State v. Richards, 175 Minn. 498, 221 N. W. 867. Her marriage severed her relation with defendant as a pensioner, for under its constitution (art. X) plaintiff as the widow of Anson James Northrup was only entitled to the pension while she remained unmarried. There is no provision, as far as our information goes, for reinstating her either by her becoming a widow the second time or by a decree of court annulling her marriage to Sutton. Plaintiff relies upon this statement in State v. Richards, 175 Minn. 498, 501, 221 N. W. 867, 868: "As to property rights and everything else the parties are then restored to their original position, but the fact forever remains that while the marriage was in effect it made the status of the parties that of married persons."

It is apparent that the court referred to property rights of the parties to the annulment judgment as between themselves, and not as to the right as between one of them and an organization like defendant.

We think the trial court rightly held that plaintiff's marriage to Sutton terminated her right to a pension from defendant, for she did not remain unmarried as its constitution provided; that such marriage to Sutton was voidable and remained a legal marriage

until annulled by the judgment of May 20, 1925; and that such judgment did not restore her to defendant's pension rolls.

The judgment is affirmed.