AMERICAN LIFE AND CASUALTY INSUR-
ANCE COMPANY, a Corporation,
Plaintiff and Appellant,

v.

OTIS HANN COMPANY, Inc., a Corporation,
Defendant and Respondent.

No. 8106.

Supreme Court of North Dakota.

Nov. 19, 1963.

Cupler, Tenneson, Serkland & Lundberg, Fargo, for plaintiff and appellant.

Lanier, Knox & Shermoen, Fargo, for defendant and respondent.

STRUTZ, Judge.

This is an action for rescission of a contract entered into in 1947 by and between American Christian Mutual Life Insurance Company, the predecessor of the plaintiff, and the defendant, Otis Hann Company, Inc., under which agreement the defendant was to perform certain services for the American Christian Mutual Life Insurance Company, in return for which services the defendant was to be paid certain sums of money. Such services were to be rendered by the defendant in attempting to convert American Christian Mutual Life Insurance Company from a benevolent society into a legal reserve life company, a stock company. The record discloses that some modifications were made in the terms of this agreement, which modifications were mutually agreed upon.

Thereafter, in September of 1949, the plaintiff's predecessor, American Christian Mutual Life Insurance Company, brought an action against the defendant for rescission of the contract on the ground of false and fraudulent representation in its execution. On May 29, 1950, this action was settled and a stipulation providing for such settlement was made and executed by the parties. In such stipulation, the parties agreed that the 1947 contract was in all things ratified and confirmed, with certain changes in the agreement specifically mentioned and set out in the stipulation. The stipulation further provided that the 1947 contract, with the changes which then were agreed upon, was renewed as of the date of the stipulation and was to become effective as of the date of the stipulation. Pursuant to such stipulation, the action of September 1949 was dismissed with prejudice on July 7, 1950.

Following the execution of the settlement agreement and the dismissal of the action, the defendant entered into the performance of the contract as amended. In October of 1950, the defendant was advised by the president of the plaintiff's predecessor that the defendant was to discontinue any further work under the provisions of the contract. Following such written notice to render no further services under the agreement, no further work was performed by the defendant for the plaintiff.

Thereafter, on December 31, 1951, the plaintiff acquired all of the assets of the American Christian Mutual Life Insurance

Company, its predecessor, and assumed all of its liabilities. Although the defendant was performing no services for the plaintiff because of the written notice of October 1950 to discontinue doing any work under the contract, the plaintiff's predecessor and—after December 31, 1951, the plaintiff—continued to make regular payments to the defendant under the terms of the agreement. These payments continued until April 1954. On June 28, 1954, the plaintiff commenced this action for rescission of the 1947 contract as amended by the stipulation of 1950.

In its complaint, the plaintiff charges that the defendant is not qualified to perform the services it had contracted to perform, that it has failed to discharge the obligations of its contract, and that it still fails and refuses to perform or to render any services to the plaintiff. The defendant, in its answer, denies that it is not qualified to perform the services which it contracted to perform, and alleges that it has, in all things, performed its obligations under both the 1947 agreement and the stipulation of 1950, and that the contract still is in full force and effect. The defendant then counterclaims for the payments due under the contract between the parties.

The court dismissed the plaintiff's complaint on the ground that the plaintiff had failed to rescind promptly, as required by law. The court further held that the defendant is entitled to an interlocutory judgment, and ordered the plaintiff to render an accounting to the defendant for the amount due the defendant under the contract and the stipulation of May 29, 1950. From the judgment entered in favor of the defendant, the plaintiff has taken this appeal. As basis for its appeal, the plaintiff alleges that the court committed the following errors:

1. That the court erred in finding that the defendant did not breach the contract between the parties, following the stipulation of settlement of May 1950;

2. That the court erred in finding that the plaintiff failed to comply with statutory provisions requiring a party to rescind promptly upon discovery of facts which would warrant rescission of an agreement;

3. That the court erred in finding that the plaintiff failed to show duress, menace, undue influence, and disability sufficient in law to excuse the plaintiff for delay in attempting to rescind; and

4. That the court erred in holding that the defendant was entitled to judgment dismissing the plaintiff's complaint and to an interlocutory judgment on its counterclaim for an accounting under the contract and the stipulation of May 29, 1950.

■ The laws of the State of North Dakota provide that a party to a contract may rescind under certain conditions and for certain reasons. Sec. 9–09–02, N.D.C.C.

·Rules governing rescission also are provided, one of them being that the party seeking to rescind must act promptly upon discovering facts which entitle him to cancellation of the contract. Sec. 9–09–04, N.D.C.C.; Raymond v. Edelbrock, 15 N.D. 231, 107 N.W. 194.

■ What would be a prompt rescission in one case might not necessarily be so under the facts of another case. Annis v. Burnham, 15 N.D. 577, 108 N.W. 549.

■ Whether relief by way of cancellation should be granted is a matter to be determined by the facts of each individual case.

■ The requirement of prompt rescission is subject to the qualification that such rule does not operate where legal excuse or justification for delay is shown. Annis v. Burnham, supra; Fedorenko v. Rudman (N.D.), 71 N.W.2d 332; Lanz v. Naddy (N.D.), 82 N.W.2d 809.

■ Thus it can be seen that no rigid rule governing the right to rescind can be

laid down, but each case must be governed by its own facts. Where grounds for rescission exist, the motive for rescission or the injury to the party rescinding is immaterial to the exercise of that right. Fawkes v. Knapp, 138 Minn. 384, 165 N.W. 236; E. E. Atkinson & Co. v. Neisner Bros., Inc., 193 Minn. 175, 258 N.W. 151, 259 N.W. 185.

■ The fact that no actual damage has been sustained by the party seeking to rescind, because of the failure of the other party to perform its obligations under the contract, also will not preclude rescission for breach. Associated Lathing & Plastering Co. v. Louis C. Dunn, Inc., 135 Cal. App.2d 40, 286 P.2d 825.

In the case now before the court, the plaintiff's predecessor, in 1949, discovered grounds which it claimed were sufficient for rescission of the 1947 contract. In September of that year, it commenced an action to rescind the contract with the defendant. Thereafter, in May of 1950, this action was compromised and settled and the contract was ratified and confirmed, with certain changes. The defendant thereupon entered into performance of the new agreement and continued to perform until October of 1950 when it was requested by the plaintiff's predecessor to discontinue any further work under the contract. The reason given for such request was that the plaintiff's predecessor could not handle any great volume of additional business. At no time after October 1950 did the plaintiff's predecessor or the plaintiff request the defendant to perform any further services under this contract.

On December 31, 1951, more than one year after the defendant had been ordered not to perform any further services the plaintiff succeeded to the interests of the American Christian Mutual Life Insurance Company in the contract. After it had acquired such interests, the plaintiff continued to pay the defendant under the contract, as had the plaintiff's predecessor.

Such payments continued until April of 1954, or for more than two years after the plaintiff had acquired such interests and for almost four years after defendant had been notified not to render any further services under the contract.

■ We have carefully examined the record, and do not find that the evidence would warrant rescission for breach of contract following the settlement between the parties in May of 1950. The plaintiff alleges that the defendant "wholly failed to discharge the obligations of its contract and still fails, refuses, and neglects to perform said obligations or to render any services to the plaintiff."

To support this contention, the plaintiff points to the agreement of 1947 whereby the defendant assumed certain obligations which it did not or—as the plaintiff contends—which it could not perform. The plaintiff further contends that the defendant represented itself as having ability to perform services which it could not perform and services which it had not rendered, before that time, to any party.

But we would point out that all of these facts were known to the plaintiff or its predecessor prior to the action commenced against the defendant in 1949. Having this knowledge, the plaintiff's predecessor settled and compromised the action to rescind the contract of 1947. In the settlement, the plaintiff specifically ratified and confirmed the contract, with certain amendments. The plaintiff cannot now raise objection to the defendant's performance which the plaintiff's predecessor had knowledge of in 1950 when it settled the prior action.

The plaintiff's predecessor, in writing, instructed the defendant not to perform any further services. Such request was made in October of 1950. After having instructed the defendant not to perform any further services, the plaintiff's predecessor and the plaintiff, after it acquired the predecessor's interests in the contract, continued to recognize the agreement by paying to the

defendant moneys which were due thereunder. Such payments were continued for almost four years after the defendant had been told to discontinue any further performance of the agreement. Only after such lapse of time was the action commenced which now is before this court. Under these circumstances, the plaintiff cannot complain that the defendant did not render the services which it was required to render under the agreement, which agreement the plaintiff now attempts to rescind, because the defendant had been specifically instructed not to perform such services.

The issues which were raised by the plaintiff's predecessor in the 1950 action to rescind the contract then existing between American Christian Mutual Life Insurance Company and the defendant were the same as those raised in this case by the plaintiff. The defendant's failure to perform under the contract, if there is merit to the plaintiff's contention, was known to the plaintiff's predecessor when the first action was dismissed.

■ The plaintiff's contention that there was fraud in the inception of the contract drawn in 1947 cannot, therefore, be considered by this court. Such claim was urged by the plaintiff's predecessor in its action in 1949, and it is res judicata by reason of the 1949 action and the 1950 settlement of the action.

Plaintiff also urges that there has been a failure of consideration, and that the defendant has failed to perform any services under the contract. We would point out that the services of the defendant were discontinued at the specific instruction of the plaintiff. If the plaintiff's predecessor had knowledge, in October of 1950, when it instructed the defendant to perform no further services, of any breach of contract which would entitle the plaintiff's predecessor to rescind, then it should have brought an action for rescission promptly. But it merely notified the defendant not to perform any further services and then continued to pay the defendant, under the contract, for almost four years.

■ The plaintiff now argues that the plaintiff's predecessor and the plaintiff, after it acquired the interests of the American Christian Mutual Life Insurance Company, could not rescind promptly because it was under the influence of the defendant company. Plaintiff further argues that the financial condition of the plaintiff's predecessor was such, at that time, that it did not dare to bring an action to rescind because of the adverse effects such an action would have had on the plaintiff's predecessor. We have examined the record, and there is no evidence that would justify the court in holding that the plaintiff's predecessor or the plaintiff, after it acquired interests of the American Christian Mutual Life Insurance Company in 1951, were under any spell of the majority stockholder in the defendant company, as contended. The plaintiff's predecessor certainly was not under such influence in 1949 because it commenced an action in that year and then proceeded to settle such action and renew the contract. Neither the plaintiff's predecessor nor the plaintiff may thereafter claim rescission on grounds (existing prior to such 1950 settlement.

We have carefully examined the record, and find nothing which would warrant a rescission of the agreement, as amended and ratified in 1950. The judgment of the district court therefore is affirmed.

MORRIS, C. J., and TEIGEN, BURKE, and ERICKSTAD, JJ., concur.